Keith Altman, Esq. (*pro hac vice pending*)
LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48334
Telephone: (248) 987-8929
Email: keithaltman@kaltmanlaw.com
*Attorney for Plaintiff, Rebecca Mason*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REBECCA MASON,<br><br>         *Plaintiff,*<br><br>v.<br><br>UNIVERSITY OF ALASKA-ANCHORAGE through the Board of Regents;<br>DOROTHY KINLEY, in her individual and official capacity;<br>CHRISTINE MICHEL, in her individual and official capacity;<br>BANU MUFALE, in her individual and official capacity; and<br>DOE DEFENDANTS 1-20, in their individual and official capacity,<br>         *Defendants.* | **CASE NO.**<br><br>**COMPLAINT**<br>**(1) Due Process Violation**<br>**(2) ADA Violation**<br>**(3) Rehab Act Violation**<br>**(4) Title VI Violation**<br>**(5) Title VII Violation**<br>**(6) Negligent Infliction of Emotional Distress**<br>**(7) Intentional Infliction of Emotional Distress**<br>**(8) Breach of Contract**<br><br>**JURY TRIAL DEMANDED** |

## <u>COMPLAINT</u>

This is an action arising from Plaintiff's time as a student at the University of Alaska-Anchorage's school of nursing, during which she was subjected to discrimination and deprived of due process. Plaintiff is seeking damages for

Defendants' violation of Plaintiff's due process rights as well as her civil rights under Title II of the American with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, as well as Title VI and Title VII of the Civil Rights Act of 1964. Defendants are also responsible for negligent and intentional infliction of emotional distress, as well as breach of contract.

## I.    PARTIES

1. Rebecca Mason ("Plaintiff") was a student at University of Alaska-Anchorage's school of nursing at all times relevant to this complaint.

2. Defendant University of Alaska-Anchorage through the Board of Regents ("UAA") is a public University in Anchorage, Alaska.

3. Defendant Dorothy Kinley ("Kinley") was employed by UAA at all times relevant to this litigation.

4. Defendant Christine Michel ("Michel") was employed by UAA at all times relevant to this litigation.

5. Defendant Banu Mufale ("Mufale") was employed by UAA at all times relevant to this litigation.

6. Doe Defendants 1-20 ("Doe Defendants") are employees or agents of Defendant UAA that caused the harms to Plaintiff subject of this lawsuit. At this time, their names and whereabouts are unknown.

## II. JURISDICTION & VENUE

7. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

8. In accordance with 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Plaintiff's state law claim for Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress, and Breach of Contract.

9. Defendant UAA conducts business in the state of Alaska.

10. Defendants Kinley, Michel, and Mufale on the grounds that they were employees of UAA at all relevant times herein and personally violated certain rights and policies, the effects of which were felt in the State of Alaska.

11. Venue in this action is properly in the District of Alaska because the events relevant to this action occurred primarily within the geographical confines of the District of Alaska.

## III. FACTUAL ALLEGATIONS

12. Plaintiff was a student at University of Alaska-Anchorage.

13. In exchange for educational services at Defendant UAA Plaintiff was to pay a set tuition rate.

14. The contract was executed and Plaintiff classes at UAA.

15. Plaintiff began her studies at UAA's school of nursing in the Spring Semester 2018. Plaintiff chose a career in nursing to serve her native community in Alaska, helping with cultural and linguistical challenges in the health care system. Plaintiff's ethnicity is Inupiat Eskimo.

16. Plaintiff suffers from heart arrhythmia, epilepsy, anxiety, hypertension, panic, insomnia, spondylosis, raynauds, folliculitis and Attention Deficit Disorder ("ADD").

17. Plaintiff is a qualified individual with a disability.

18. Plaintiff's disabilities can materialize in seizures, oftentimes triggered by stress.

19. During a seizure, Plaintiff stops breathing for a few minutes and goes into a coma which can last a few hours to a couple days. This leads to short-term memory loss, severe physical and mental fatigue with headaches which last for about a week.

20. Her disabilities limit Plaintiff from mastering situations which cause high levels of stress, for example exams.

21. Her disabilities also limit Plaintiff from reading textbooks or other study material for extended periods of times, instead she listens to audiobooks which allow her to move around freely.

22. Plaintiff was granted accommodations for her disabilities by the Disability Support Service ("DSS") of UAA in 2019, 2020, and 2021.

23. Plaintiff's accommodations consisted of extended time for exams, exam-taking in a reduced distraction environment and the potential to stand up and move freely during exams.

**Spring Semester 2018**

24. Plaintiff began her studies at UAA's Kotzebue cohort.

25. Because of its remote location, the students were taught by Defendant Kinley via an online class, while the exams were administered in person by an adjunct clinical instructor.

26. This instructor was also responsible for the lab portion of Plaintiff's studies.

27. The instructions at the Kotzebue cohort were inadequate for a nursing degree.

**Fall Semester 2018**

28. In the Fall Semester 2018, Plaintiff therefore transferred to the Mat-Su cohort in hopes of gaining a better education.

29. At the start of the semester, Plaintiff quickly realized her time at the Kotzebue cohort had inadequately prepared her for her studies at the Mat-Su cohort.

30. This subsequently caused Plaintiff enough stress to cause a petit-mal seizure.

31. Despite her struggled, Defendant Kinley denied Plaintiff's request to drop the course and repeat the first term.

32. Because of this denial, Plaintiff had to continue to try to learn the skills of both semesters at the same time while attempting to control her anxiety disorder, seizures, and a newly developed sleeping disorder.

33. Additionally, Plaintiff's blood pressure increased, leading to heart palpitations and forcing Plaintiff to be prescribed Metoprolol.

34. A month into the semester, all this stress finally led to Plaintiff suffering a grand-mal seizure.

35. Plaintiff informed Defendant Kinley of this seizure and the aftereffects on her health, Defendant Kinley only hesitantly granted her an extension of a deadline, while accusing Plaintiff she would do anything to get out of hard work. This significantly increased Plaintiff's already high stress-levels.

36. Defendant Kinley again denied Plaintiff's request to drop the course and repeat the first semester.

37. While in the Mat-Su cohort, one of Plaintiff's peers, Sidney, openly talked down on Plaintiff's religion. Plaintiff is Mormon.

38. One day during the Fall Semester 2018, Plaintiff was able to overhear a conversation between Sidney and Defendant Kinley, speaking derogatorily about Plaintiff's character. This further increased Plaintiff's anxiety.

39. On December 11, 2018 Defendant Kinley additionally made oral statements affirming the beliefs of students who were critical of the Mormon faith, causing Plaintiff further emotional trauma and psychological suffering.

40. Defendant Kinley went so far as to state that Plaintiff, due to her Mormon faith, should not be trusted and that she was mentally ill.

41. When Plaintiff criticized the vulgar language often used by students in her class, Sidney was visibly upset by her request and the environment in her class became even more toxic for Plaintiff.

42. Additionally, Defendant Kinley was absent during many classes, leaving the students to learn the material on their own.

43. At the same time, Plaintiff began her clinical rotations. It became quickly evident that she was inadequately prepared from her first semester at the Kotzebue cohort, leading to an increase in Plaintiff's anxiety.

44. Plaintiff began to develop hives on her face, neck, and arms as a result of her anxiety, requiring her to be prescribed Clonazepan.

45. On December 11, 2018, Plaintiff was about to take an exam when she was asked to leave her semi-private testing room used to accommodate her disabilities, because this room was for "people with real disabilities."

46. This caused Plaintiff to suffer a panic attack during the exam, affecting her grade negatively.

**Spring Semester 2019**

47. In the Spring Semester 2019, Plaintiff was to work on a group project with two of her peers. Every member of the group was to write a part of a paper.

48. When Plaintiff's peer, Allen, submitted the final paper, Plaintiff's sources and old version of her writing were added to the paper, instead of Plaintiff's final version.

49. The sources now included in the paper turned up as plagiarism and Plaintiff received a point reduction, leading to her failing Professor Stephenson's pediatrics class.

50. Plaintiff was not provided the opportunity to explain what had happened and was asked to write a paper on plagiarism.

51. None of the other students in Plaintiff's group received a point reduction.

52. After this experience at the Mat-Su cohort, Plaintiff requested to transfer to the Anchorage cohort.

## Fall Semester 2019

53. In the Fall Semester 2019, Plaintiff therefore attended the Anchorage cohort.

54. During Plaintiff's clinicals, Plaintiff observed a surgery which touched her in a way that she wanted to share parts of it on her Facebook page. Plaintiff did not include any identifiers in her post.

55. The next day, Plaintiff was asked to take down the post by her professor, as it was close to a HIPAA violation.

56. The hospital investigated Plaintiff's post and determined as well that Plaintiff had not violated HIPAA.

57. In the Spring Semester 2020, and despite previously being cleared by both her professor and the affected hospital, Plaintiff was accused of violating HIPAA by Dr. Christine Michel of UAA.

58. Plaintiff received an immediate suspension from UAA. She was required to take a HIPAA training course, as well as write a seven-page paper on HIPAA to be submitted to Defendant Michel.

59. The paper was to be formatted in APA-style, something that had not been taught at UAA's school of nursing before.

60. After submitting the paper, Plaintiff did not receive an acknowledgement from Defendant Michel, even after specifically asking whether she had received the paper and whether it was acceptable.

61. At the beginning of August 2020, 5 months after submitting the paper, Defendant Michel finally got back to Plaintiff, stating that the paper was not formatted in correct APA-style.

62. Because of the late feedback from Defendant Michel, Plaintiff was forced to spend several thousand dollars on a private tutor to teach her APA-style in a short amount of time, instead of taking a much cheaper class over the summer.

**Fall Semester 2020**

63. In August 2020, Defendant Michel agreed to at least override Plaintiff's suspension so she could register for classes, only about a week before classes were scheduled to start again.

64. Because of her late registration, Plaintiff was missing from the professors' notification lists, making her miss pertinent information.

65. Plaintiff for example was not notified of a mandatory orientation until August 26, 2020, the night before. Since Plaintiff was visiting her family at the time, she had to book a flight to make it back in time.

66. All this stress cause Plaintiff to suffer from heart palpitations, a series of panic attacks, insomnia, frequent vomiting, and petit-mal seizures.

67. Because of the COVID-19 pandemic, testing was moved to an online system called "PR Now," causing many students including Plaintiff technical difficulties.

68. Additionally, Plaintiff's Adult Nursing II class was taught by three different professors throughout the semester, and Plaintiff did not receive disability accommodations in any of the exams.

69. The last of Plaintiff's three professors for Adult Nursing II was Defendant Michel.

70. When Defendant Michel took over the class, she promised the syllabus would stay the same.

71. At the end of the Fall Semester 2020, Plaintiff was set to take Exam #4 of Adult Nursing II on "PR Now" in December 2020.

72. Again, Plaintiff was having technical difficulties with the program, taking her six hours to log into the program and begin the exam. This left her with only about one-and-a-half hours to complete the exam until the deadline.

73. At the time Plaintiff was finally able to begin the exam, she was exhausted, and her anxiety was high.

74. Because of the short amount of time left, Plaintiff had to hurry to finish the exam, not giving her enough time to do anything but merely guess the answers to multiple choice questions, and subsequently Plaintiff failed the exam.

75. Another student in Plaintiff's situation but without disabilities was given two extra days to complete the exam.

76. Plaintiff failed Adult Nursing II by only a few points.

77. Plaintiff then requested to be allowed to take Exam #4 with her disability accommodations. This exam was supposed to cover the same material as the course and the original exam.

78. Defendant Michel however wrote an exam that included mostly new information and material not from the previous study guide and lectures.

79. Plaintiff subsequently failed this exam and was forced to retake Adult Nursing II.

## Spring Semester 2021

80. In the Spring Semester 2021, because Plaintiff had not graduated with her original class, her subscription to "HESI," a standardized exam system, had run out. The rest of her class was instead using a program called "ATI," which Plaintiff did not find out about until five weeks into the semester.

81. Her peers were required to complete ATI questions every week to prepare for the final exam, an option which was not given to Plaintiff.

82. Plaintiff repeatedly asked to be allowed to practice on ATI, and to be allowed to take the same standardized exam as the rest of her class. This request was not only denied by Defendant Michel, but completely ignored.

83. At the end of the class, Defendant Michel graded Plaintiff on a made-up case scenario. This grade was subjective rather than based on national standards as the ATI exam would have been.

84. Defendant Michel failed Plaintiff with this scenario.

85. Defendant Michel failed almost all students of ethnic minorities in this class.

86. Also in the Spring Semester 2021, Plaintiff observed a patient in the process of dying at the ICU during clinicals.

87. She later told her peers about this experience, with Defendant Mufale asking many questions in an accusing tone.

88. A few weeks later, while Plaintiff was preparing for finals, she received an invitation to an online disciplinary meeting.

89. Plaintiff was not informed about the topic of the meeting, causing great stress and anxiety, and resulting in greater difficulties to study for her exams.

90. When she joined the meeting, Plaintiff learned that Defendant Mufale was accusing her of lying about seeing a man die. Plaintiff clarified that she saw a man dying, she did not see the man as he died.

91. Plaintiff refused to sign the paperwork for which she would have had to admit guilt.

92. At the end of the Spring Semester 2021, Plaintiff was informed by Jessica Chambers, less than 24 hours prior to taking her clinical make-up days for days she had missed due to COVID-19 protocols that these make-ups were cancelled, and Plaintiff would have to take them the next semester.

93. This cancellation substantially increased Plaintiff's already high testing anxiety ahead of finals.

94. While other students were allowed to do online simulations or case studies to make up for missed days, Plaintiff had to contact a different clinical instructor to schedule a new date.

95. Other students of ethnical minorities were denied make-up days and exam rescheduling by UAA and Defendant Michel as well.

96. Instructor Banu did not get back to Plaintiff until it was too late to make up days in the current semester.

97. As a result of Defendants' actions, Plaintiff has been forced to expend significant time and resources dealing with the consequences of discriminatory behavior exhibited by the students, staff members, and faculty of UAA.

98. Additionally, Plaintiff has lost at least one year of wages working as a nurse.

99. Furthermore, the presence of plagiarism charges on Plaintiff's record will adversely affect her ability to finish nursing school or find employment.

100.    Defendants' actions have also resulted in significant mental and emotional distress.

## Respondeat Superior and Agency

101.   Under federal and Alaska law, an employer may be vicariously liable for an employee's actions when they are acting within the scope of their employment on behalf of the employer.

102.   At the time of this Complaint, only the individual Defendants themselves are aware of the exact role that each individual Defendant played in the events that are the subject of the lawsuit. For this reason, only the individual Defendants know at which times each Defendant acted in a manner that exceeded the scope of their duties in their official capacities and at which each Defendant acted in a manner that was within the scope of their duties in their official capacities.


## IV.   CAUSES OF ACTION

## FIRST COUNT – VIOLATION OF DUE PROCESS UNDER 42 U.S.C. § 1983

103.   Plaintiffs restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

104.   Plaintiff had a constitutionally protected and clearly established liberty interest. "The Due Process Clause . . . forbids arbitrary deprivations of liberty. Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, the minimal requirements of the Clause

must be satisfied." *Goss v. Lopez*, 419 U.S. 565, 574 (1975) (internal citation and quotations omitted). The presence of plagiarism charges and the wrongful suspension in the Fall Semester 2019 are detrimental to Plaintiff's good name, reputation, and honor.

105.   Plaintiff has a fundamental liberty interest and as such was entitled to a fair and impartial process with systematic methods for evaluating her plagiarism charges and suspension.

106.   Defendants have violated Plaintiff's due process right by:

   a.   Defendant Kinley when she found Plaintiff responsible for plagiarism in Professor Stephenson's Pediatrics class the Spring Semester of 2019 without allowing Plaintiff to provide a meaningful defense by offering a hearing on the accusations and letting Plaintiff explain how her sources ended up in the final paper.

   b.   Defendant Michel when she suspended Plaintiff from UAA in the Fall Semester 2019 without allowing Plaintiff to provide a meaningful defense by offering a hearing on the accusations.

   c.   Defendant Michel when she did not provide Plaintiff with a process for turning in her paper on HIPAA violations to remove the suspension. Plaintiff was left in the dark for five months on whether or not her paper was received and adequate, and whether the suspension would be removed.

107.  As a direct and proximate result of Defendants' actions, Plaintiff was deprived of her constitutional rights.

108.  Plaintiff has a property interest in continuing education at UAA without false allegations on her record. Plaintiff and UAA entered into a contract by which Defendant UAA offered admission to Plaintiff on specified terms.

109.  Plaintiff accepted Defendant's offer and attended UAA as a student.

110.  There was a mutual exchange of consideration for which Plaintiff attended UAA involving payments and expenditure of time as well as UAA making its services including educational opportunities available to Plaintiffs, until Plaintiff would graduate.

111.  As a direct and proximate result of Defendants' actions or failures, Plaintiff has sustained and continues to sustain injuries and damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a) Enter judgment against Defendants in favor of Plaintiff for actual damages for financial loss, damage to reputation, mental anguish, and emotional distress as well as reimbursement of all tuition and fees paid to UAA, and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions and stating that exam #4 of

Adult Nursing II is to be graded by someone other than Defendant Michel, as well as that Plaintiff's entire record of the Spring Semester 2021 is to be expunged;

(c) Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution for this action, including attorney's fees; and

(d) Grand such other and further relief as justice requires.

## SECOND COUNT – VIOLATION OF TITLE II OF THE AMERICAN WITH DISABILITIES ACT

112. Plaintiffs restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

113. UAA is a public university and receives federal funding. As such, UAA is subject to Title II of the Americans with Disabilities Act.

114. Plaintiff is a disabled person who has been diagnosed with heart arrhythmia, anxiety, epilepsy and ADD.

115. Her disabilities make it difficult for Plaintiff to perform everyday tasks like reading. Her disabilities also affect Plaintiff's bodily functions as they can cause seizures, which in turn can lead to coma, short-term memory loss, severe physical and mental fatigue with headaches.

116. Despite her disabilities, Plaintiff was able to succeed in her academic career. She was admitted to UAA's school of nursing based on her academic merits and mastered all classes in which she received disability accommodations.

117. UAA discriminated against Plaintiff through the actions of its employees in the following instances:

   a. Defendant Kinley when she denied Plaintiff's request to drop her class repeatedly in the Fall Semester 2018, despite Plaintiff having suffered a seizure caused by her disabilities, leading to further complications with Plaintiff's disabilities.

   b. Proctor of Defendant UAA forced Plaintiff to leave her semi-private testing room, stating it was for "people with real disabilities," therefore denying Plaintiff the accommodations necessary for her to succeed in exams.

   c. When in the Fall Semester of 2020, Plaintiff was notified late of a mandatory orientation by UAA's employees, causing Plaintiff heart palpitations, heart palpitations, a series of panic attacks, insomnia, frequent vomiting, and petit-mal seizures. Because of her disabilities, Plaintiff needed to be informed ahead of time of such events.

   d. Defendant Michel, when she had Plaintiff take exam #4 of Adult Nursing II in the Fall Semester 2020 without her disability accommodations of receiving extra time.

e. Defendant Mufale when she informed Plaintiff of a disciplinary hearing shortly before finals in the Spring Semester 2021, despite Plaintiff's testing anxiety.

f. Defendant Michel when they informed Plaintiff of her make-up days being cancelled shortly before finals in the Spring Semester 2021, despite Plaintiff's testing anxiety.

118. As a direct and proximate result of UAA's unlawful discrimination, Plaintiff has sustained and will continue to sustain injuries and damages, such as emotional distress, and has been derailed from pursuing her desired career path.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a) Enter judgment against Defendants in favor of Plaintiff for actual damages for financial loss, damage to reputation, mental anguish, and emotional distress as well as reimbursement of all tuition and fees paid to UAA, and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions and stating that exam #4 of Adult Nursing II is to be graded by someone other than Defendant Michel, as well as that Plaintiff's entire record of the Spring Semester 2021 is to be expunged;

(c) Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution for this action, including attorney's fees; and

(d) Grand such other and further relief as justice requires.

## THIRD COUNT – VIOLATION OF SECTION 504 OF THE REHABILITAITON ACT OF 1973

119.   Plaintiffs restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

120.   UAA is a public university and receives federal funding. As such, UAA is subject to Section 504 of the Rehabilitation Act of 1973.

121.   Plaintiff is a disabled person who has been diagnosed with heart arrhythmia, anxiety, epilepsy and ADD.

122.   Her disabilities make it difficult for Plaintiff to perform everyday tasks like reading. Her disabilities also affect Plaintiff's bodily functions as they can cause seizures, which in turn can lead to coma, short-term memory loss, severe physical and mental fatigue with headaches.

123.   Despite her disabilities, Plaintiff was able to succeed in her academic career. She was admitted to UAA's school of nursing based on her academic merits and mastered all classes in which she received disability accommodations.

124. UAA discriminated against Plaintiff through the actions of its employees in the following instances:

    a. Defendant Kinley when she denied Plaintiff's request to drop her class repeatedly in the Fall Semester 2018, despite Plaintiff having suffered a seizure caused by her disabilities, leading to further complications with Plaintiff's disabilities.

    b. Proctor of Defendant UAA when they forced Plaintiff to leave her semi-private testing room, stating it was for "people with real disabilities," therefore denying Plaintiff the accommodations necessary for her to succeed in exams.

    c. When in the Fall Semester of 2020, Plaintiff was notified late of a mandatory orientation by UAA's employees, causing Plaintiff heart palpitations, heart palpitations, a series of panic attacks, insomnia, frequent vomiting, and petit-mal seizures. Because of her disabilities, Plaintiff needed to be informed ahead of time of such events.

    d. Defendant Michel, when she had Plaintiff take exam #4 of Adult Nursing II in the Fall Semester 2020 without her disability accommodations of receiving extra time.

e. Defendant Mufale when she informed Plaintiff of a disciplinary hearing shortly before finals in the Spring Semester 2021, despite Plaintiff's testing anxiety.

f. Defendant Michel when they informed Plaintiff of her make-up days being cancelled shortly before finals in the Spring Semester 2021, despite Plaintiff's testing anxiety.

125. As a direct and proximate result of UAA's unlawful discrimination, Plaintiff has sustained and will continue to sustain injuries and damages, such as emotional distress, and has been derailed from pursuing her desired career path.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a) Enter judgment against Defendants in favor of Plaintiff for actual damages for financial loss, damage to reputation, mental anguish, and emotional distress as well as reimbursement of all tuition and fees paid to UAA, and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions and stating that exam #4 of Adult Nursing II is to be graded by someone other than Defendant Michel, as well as that Plaintiff's entire record of the Spring Semester 2021 is to be expunged;

(c) Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution for this action, including attorney's fees; and

(d) Grand such other and further relief as justice requires.

## FOURTH COUNT – VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

126. Plaintiffs restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

127. Title VI of the Civil Rights Act of 1964 (20 U.S.C. §§ 2000d) states in pertinent part:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

128. At all times herein mentioned, UAA was a public university that received federal financial assistance through grants and federally assisted tuition payments collected from students. Thus, UAA is a recipient of Federal financial assistant for purposes of Title VI of the Civil Rights Act of 1964, 20 U.S.C. §§ 2000d.

129. Accordingly, UAA staff behavior during any activities organized through UAA, including classes or other work activity falls under the ambit of Title IV of the Civil Rights Act of 1964. Therefore, any and all behavior of UAA staff that

causes discrimination on the basis of national origin during an UAA related activity is prohibited under Title IV of the Civil Rights Act of 1964.

130. Defendants violated Plaintiff's rights under Title IV of the Civil Rights Act of 1964 by:

a. Defendant Michel when she failed Plaintiff with a subjective case scenario in the Spring Semester 2021. Defendant Michel did so because of Plaintiff's ethnicity, as evidenced by the fact that mostly students of ethical minorities were failed by Defendant Michel.

b. Defendant Michel when she cancelled Plaintiff's make-up days in the Spring Semester 2021. Defendant Michel did so because of Plaintiff's ethnicity, as evidenced by the fact that mostly students of ethical minorities were denied such make-up days.

131. As a direct and proximate result of Defendants' unlawful discrimination Plaintiff has sustained and continues to sustain emotional injuries and damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a) Enter judgment against Defendants in favor of Plaintiff for actual damages for financial loss, damage to reputation, mental anguish, and emotional distress as well as reimbursement of all tuition and fees paid to UAA, and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions and stating that exam #4 of Adult Nursing II is to be graded by someone other than Defendant Michel, as well as that Plaintiff's entire record of the Spring Semester 2021 is to be expunged;

(c) Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution for this action, including attorney's fees; and

(d) Grand such other and further relief as justice requires.

## FIFTH COUNT – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

132. Plaintiffs restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

133. Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits discrimination on the basis of religion.

134. Defendant Kinley discriminated against Plaintiff on the basis of her religion when she made derogatory statements about Plaintiff's religion in the Fall Semester 2018.

135. This created a hostile environment for Plaintiff as it substantially increased her anxiety in Defendant Kinley's class and allowed her peers to treat Plaintiff in derogatory manners.

136. Students of other religions were not subject to this treatment by Defendant Kinley.

137. As a direct and proximate result of Defendants' unlawful discrimination Plaintiff has sustained and continues to sustain emotional injuries and damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a) Enter judgment against Defendants in favor of Plaintiff for actual damages for financial loss, damage to reputation, mental anguish, and emotional distress as well as reimbursement of all tuition and fees paid to UAA, and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions and stating that exam #4 of Adult Nursing II is to be graded by someone other than Defendant Michel, as well as that Plaintiff's entire record of the Spring Semester 2021 is to be expunged;

(c) Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution for this action, including attorney's fees; and

(d) Grand such other and further relief as justice requires.

## SIXTH COUNT – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

138. Plaintiffs restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

139. Defendant UAA can be held liable for negligent infliction of emotional distress according to AS § 09.50.250, as far as the individual Defendants acted within the scope of their employment. As far as the individual Defendants acted outside the scope of their employment they are held liable according to AS § 09.50.253.

140. Only the Defendants are aware to what extend the individual Defendants acted within or outside the scope of their employment.

141. Defendants' actions caused Plaintiff emotional distress and worsened her anxiety.

142. Defendants should have known that their actions would be injurious to Plaintiff.

143. Defendants' actions rose to the level of discrimination.

144. Defendants' actions violated UAA's policies.

145. Defendants' actions proximately caused Plaintiff emotional and physical injuries, increasing her anxiety and leading to seizures and various other health complication.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a) Enter judgment against Defendants in favor of Plaintiff for actual damages for financial loss, damage to reputation, mental anguish, and emotional distress as well as reimbursement of all tuition and fees paid to UAA, and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions and stating that exam #4 of Adult Nursing II is to be graded by someone other than Defendant Michel, as well as that Plaintiff's entire record of the Spring Semester 2021 is to be expunged;

(c) Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution for this action, including attorney's fees; and

(d) Grand such other and further relief as justice requires.

## SEVENTH COUNT – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

146. Plaintiffs restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

147. Defendant UAA can be held liable for intentional infliction of emotional distress according to AS § 09.50.250, as far as the individual Defendants acted within the scope of their employment. As far as the individual Defendants acted outside the scope of their employment they are held liable according to AS § 09.50.253.

148. Only the Defendants are aware to what extend the individual Defendants acted within or outside the scope of their employment. As far as they are

149. Defendants' intentional actions caused Plaintiff emotional distress and worsened her anxiety.

150. Defendants knew that their actions would be injurious to Plaintiff.

151. Defendants' actions rose to the level of discrimination.

152. Defendants' actions violated UAA's policies.

153. Defendants' actions proximately caused Plaintiff emotional and physical injuries, increasing her anxiety and leading to seizures and various other health complication.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a) Enter judgment against Defendants in favor of Plaintiff for actual damages for financial loss, damage to reputation, mental anguish, and emotional distress as well as reimbursement of all tuition and fees paid to UAA, and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions and stating that exam #4 of Adult Nursing II is to be graded by someone other than Defendant Michel, as well as that Plaintiff's entire record of the Spring Semester 2021 is to be expunged;

(c) Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution for this action, including attorney's fees; and

(d) Grand such other and further relief as justice requires.


## EIGHT COUNT – BREACH OF CONTRACT

154.   Plaintiffs restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

155. Defendant UAA can be held liable for breach of contract according to AS § 09.50.250, as far as the individual Defendants acted within the scope of their employment. As far as the individual Defendants acted outside the scope of their employment they are held liable according to AS § 09.50.253.

156. Only the Defendants are aware to what extend the individual Defendants acted within or outside the scope of their employment.

157. Plaintiff and Defendant UAA entered into a contract by which Defendant UAA offered admission to Plaintiff on specified terms.

158. Plaintiff accepted Defendant's offer and attended UAA as a student.

159. There was a mutual exchange of consideration for which Plaintiff attended UAA involving payments and expenditure of time as well as UAA making its services including educational opportunities available to Plaintiff.

160. As part of the contract was the existence of policies set forth by UAA in the student handbook. As a condition of attending UAA, Plaintiff and UAA were both expected to be bound by those policies. Included within those policies were regulations concerning disability accommodations and instances of discrimination.

161. These policies were part of the bargain between Plaintiff and UAA. Without agreeing to abide by those policies, Plaintiff would not have been permitted to enter into a contract with UAA.

162. UAA breached this contract when Plaintiff was not awarded her disability accommodations, and when Plaintiff was discriminated against by UAA staff.

163. As a direct and proximate result of Defendants' actions, Plaintiff has sustained and continues to sustain injuries and damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a) Enter judgment against Defendants in favor of Plaintiff for actual damages for financial loss, damage to reputation, mental anguish, and emotional distress as well as reimbursement of all tuition and fees paid to UAA, and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions and stating that exam #4 of Adult Nursing II is to be graded by someone other than Defendant Michel, as well as that Plaintiff's entire record of the Spring Semester 2021 is to be expunged;

(c) Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution for this action, including attorney's fees; and

(d) Grand such other and further relief as justice requires.

# V.    JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.


Dated: November 14, 2022                    Respectfully submitted,



Keith Altman, Esq.
(*pro hac vice pending*)
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com