Christina A. Rankin, Esq.
Guess & Rudd P.C.
1029 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501
(907) 793-2200 Telephone
(907) 793-2299 Facsimile
E-mail:  crankin@guessrudd.com

Attorneys for University of Alaska-Anchorage

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| REBECCA MASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:22-cv-00247-SLG |
| | ) | |
| UNIVERSITY OF ALASKA-ANCHORAGE through the Board of Regents; DOROTHY KINLEY, in her Individual and official capacity; CHRISTINE MICHEL, in her Individual and official capacity; BANU MUFALE, in her individual and official capacity; and DOE DEFENDANTS 1-20, in their Individual and official capacity, | ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

UNIVERSITY'S ANSWER TO COMPLAINT

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 1 of 37

University of Alaska-Anchorage ("UA"), by and through its attorneys, hereby responds to plaintiff's Complaint, paragraph by paragraph, as follows:

## I. PARTIES

1.   In response to the allegations contained in paragraph 1, UA admits only that plaintiff attended UA.  UA lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 1 and, therefore, denies the same.

2.   In response to the allegations contained in paragraph 2, UA admits only that UA is a state university established by Article VII, Section 2 of the Alaska Constitution.

3.   In response to the allegations contained in paragraph 3, UA admits only that Dorothy Kinley was employed by UA.  UA lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 3 and, therefore, denies the same.

4.   In response to the allegations contained in paragraph 4, UA admits only that Christine Michel was employed by UA.  UA lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 4 and, therefore, denies the same.

5.   In response to the allegations contained in paragraph 5, UA admits only that Banu Mufale was employed by UA.  UA lacks information sufficient to form a belief

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 2 of 37

as to the truth or falsity of the remaining allegations set forth in paragraph 5 and, therefore, denies the same.

6. The allegations contained in paragraph 6 pertain to parties other than UA and do not require a response. To the extent that a response is required, UA lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 6 and, therefore, denies the same.

## II. JURISDICTION & VENUE

7. The allegations contained in paragraph 7 are legal conclusions and thus require no response. To the extent a response is required, UA admits that the District Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

8. The allegations contained in paragraph 8 are legal conclusions and thus require no response. To the extent a response is required, UA admits that 28 U.S.C. 1367 allows the Court to exercise supplement jurisdiction over a plaintiff's state claim when a federal claim is made under 28 U.S.C. 1331.

9. UA admits the allegations contained in paragraph 9.

10. The allegations contained in paragraph 10 pertain to parties other than UA and do not require a response. To the extent that a response is required, UA lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 and, therefore, denies the same.

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 3 of 37

Case 3:22-cv-00247-SLG   Document 14   Filed 02/15/23   Page 3 of 37

11. The allegations contained in paragraph 11 are legal conclusions and thus require no response. To the extent a response is required, UA does not have an objection to venue.

### III. FACTUAL ALLEGATIONS

12. In response to the allegations contained in paragraph 12, UA admits only that plaintiff was a student at University of Alaska.

13. In response to the allegations contained in paragraph 13, UA admits only that plaintiff was obligated to pay tuition in exchange for educational services.

14. In response to the allegations contained in paragraph 14, UA admits only that plaintiff was offered admission and plaintiff accepted admission.

15. In response to the allegations contained in paragraph 15, UA admits only that plaintiff attended classes at UA in spring of 2018. UA lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 15 and, therefore, denies the same.

16. UA lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 16 and, therefore, denies the same.

17. UA lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 17 and, therefore, denies the same.

18. UA lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 18 and, therefore, denies the same.

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 4 of 37

Case 3:22-cv-00247-SLG   Document 14   Filed 02/15/23   Page 4 of 37

19. UA lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 19 and, therefore, denies the same.

20. UA lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 20 and, therefore, denies the same.

21. UA lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 21 and, therefore, denies the same.

22. In response to the allegations contained in paragraph 22, UA admits only that plaintiff was granted accommodations for her disabilities by Disability Support Services at various times during her time as a student at UA.

23. In response to the allegations contained in paragraph 23, UA admits only that plaintiff's accommodations included extended time for exams and exam-taking in a reduced distraction environment. UA denies the remaining allegations contained in paragraph 23.

24. In response to the allegations contained in paragraph 24, UA admits plaintiff began her studies in a Kotzebue cohort.

25. In response to the allegations contained in paragraph 25, UA admits the teacher for that cohort was Dorothy Kinley and that the exams were proctored by an adjunct professor.

26. In response to the allegations contained in paragraph 26, UA admits that the adjunct professor was responsible for the lab portion of the cohort.

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 5 of 37

27.  UA denies the allegations contained in paragraph 27

28.  In response to the allegations contained in paragraph 28, UA admits that plaintiff did transfer to the Mat-Su cohort in the Fall of 2018.  UA lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 28 and, therefore, denies the same.

29.  The allegations in paragraph 29 contain plaintiff's characterizations as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 29.

30.  UA lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 30 and, therefore, denies the same.

31.  UA denies the allegations contained in paragraph 31.

32.  The allegations in paragraph 32 contain a legal conclusion and/or plaintiff's characterizations as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 32.

33.  The allegations in paragraph 33 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 33.

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 6 of 37

34.  The allegations in paragraph 34 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 34.

35.  UA denies the allegations contained in paragraph 35.

36.  UA denies the allegations contained in paragraph 36.

37.  UA lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 37 and, therefore, denies the same.

38.  The allegations contained in paragraph 38 pertain to parties other than UA and do not require a response.  To the extent that a response is required, UA denies the allegations.

39.  The allegations contained in paragraph 39 pertain to parties other than UA and do not require a response.  To the extent that a response is required, UA denies the allegations.

40.  The allegations contained in paragraph 40 pertain to parties other than UA and do not require a response.  To the extent that a response is required, UA denies the allegations.

41.  The allegations contained in paragraph 41 pertain to parties other than UA and do not require a response.  To the extent that UA is expected or required to respond, UA denies the allegations.

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 7 of 37

Case 3:22-cv-00247-SLG   Document 14   Filed 02/15/23   Page 7 of 37

42.  The allegations contained in paragraph 42 pertain to parties other than UA and do not require a response.  To the extent that UA is expected or required to respond, UA denies the allegations.

43.  The allegations in paragraph 43 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations.

44.  The allegations in paragraph 44 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA lacks information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies the same.

45.  UA denies the allegations contained in paragraph 45.

46.  The allegations in paragraph 46 contain a legal conclusion and/or plaintiff's characterizations as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA lacks information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies the same.

47.  In response to the allegations contained in paragraph 47, UA admits only that plaintiff had a group project with two peers and was responsible for a portion of the paper.

48.  UA lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 48 and, therefore, denies the same.

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 8 of 37

Case 3:22-cv-00247-SLG   Document 14   Filed 02/15/23   Page 8 of 37

49.  In response to the allegations contained in paragraph 49, UA admits only that the plaintiff received a point reduction for plagiarizing her portion of the paper and plaintiff failed Pediatrics.

50.  In response to the allegations contained in paragraph 50, UA denies the allegation that plaintiff was not provided an opportunity to address her plagiarism.  UA admits that plaintiff was asked to write a paper as a consequence to her plagiarism.

51.  In response to the allegations contained in paragraph 51, Students' academic and discipline records are highly confidential and subject to FERPA.  As such, UA is unable to admit or deny this allegation at this time.

52.  The allegations in paragraph 52 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA admits only that plaintiff transferred to the Anchorage Cohort.  UA denies the remaining allegations contained in paragraph 52.

53.  In response to the allegations contained in paragraph 53, UA admits only that plaintiff attended Anchorage cohort in Fall of 2019.

54.  In response to the allegations contained in paragraph 54, UA admits only that plaintiff observed surgery (of a minor) shared the videos/images of the surgery without the patient's, the patient's parents, doctor's, or hospital's consent.  The rest of the allegations contained in paragraph 54 contain a legal conclusion and/or plaintiff's

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 9 of 37

Case 3:22-cv-00247-SLG   Document 14   Filed 02/15/23   Page 9 of 37

characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, UA denies those portions of the allegations.

55. In response to the allegations contained in paragraph 55, UA admits that it told plaintiff to remove the inappropriate postings. UA denies the remaining allegation and implications in paragraph 55.

56. UA denies the allegation contained in paragraph 56.

57. UA denies the allegations contained in paragraph 57.

58. In response to the allegations contained in paragraph 58, UA denies plaintiff was suspended from UA. UA admits that plaintiff was required to write a paper on HIPAA to be submitted to Christine Michel as well as become more familiar with HIPAA regulations.

59. In response to the allegations contained in paragraph 59, UA admits the paper was required to be in APA style. UA denies that plaintiff was not formerly taught that format.

60. The allegations contained in paragraph 60 pertain to parties other than UA and do not require a response. To the extent that a response is required, UA lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 60 and, therefore, denies the same.

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 10 of 37

Case 3:22-cv-00247-SLG   Document 14   Filed 02/15/23   Page 10 of 37

61. The allegations contained in paragraph 61 pertain to parties other than UA and do not require a response. To the extent that a response is required, UA lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 61 and, therefore, denies the same.

62. The allegations in paragraph 62 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, UA lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 62 and, therefore, denies the same.

63. In response to the allegations contained in paragraph 63, UA admits only that plaintiff was allowed to register for the fall 2020 semester. UA denies the remaining allegations in paragraph 63.

64. The allegations in paragraph 64 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, UA lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 64 and, therefore, denies the same.

65. The allegations in paragraph 65 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, UA lacks information sufficient to

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 11 of 37

form a belief as to the truth or falsity of the allegations set forth in paragraph 65 and, therefore, denies the same.

66.  The allegations in paragraph 66 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 66 and, therefore, denies the same.

67.  In response to the allegations contained in paragraph 67, UA admits that, due in part to COVID,  exam testing was moved to an online system called RPNOW.[1]  The rest of the allegations in paragraph 67 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 67 and, therefore, denies the same.

68.  In response to the allegations contained in paragraph 68, UA admits that Adult Nursing II was taught by three professors.  UA denies that plaintiff did not receive her accommodations.

69.  UA admits the allegations contained in paragraph 69.

---

[1] The Complaint incorrectly labels the system as PR Now.

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 12 of 37

70.  In response to the allegations contained in paragraph 70, UA admits that the syllabus did not change.

71.  In response to the allegations contained in paragraph 71, UA admits that plaintiff had to take and pass Exam #4 of Adult Nursing on RPNOW.

72. The allegations in paragraph 72 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 72 and, therefore, denies the same.

73.  The allegations in paragraph 73 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 73 and, therefore, denies the same.

74.  In response to the allegations contained in paragraph 74, UA admits that plaintiff failed the exam.  The remaining allegations in paragraph 74 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 74 and, therefore, denies the same.

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 13 of 37

Case 3:22-cv-00247-SLG   Document 14   Filed 02/15/23   Page 13 of 37

75. This allegation is too vague for UA to formulate a response. Further, UA is unable to comment on the academic record of another student at this time due to FERPA requirements. To the extent a response is required, UA lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 75 and, therefore, denies the same.

76. In response to the allegations contained in paragraph 76, UA admits only that plaintiff did not achieve the minimum scores required to be allowed to move forward in the program without retaking Adult Nursing II. UA denies the characterization that she missed the minimum scores "by only a few points".

77. In response to the allegations contained in paragraph 77, UA admits plaintiff requested to take Exam #4 again. UA denies that UA agreed to limit the exam to questions that were on the first exam.

78. UA denies the allegation in paragraph 78.

79. In response to the allegations contained in paragraph 79, UA admits only that plaintiff did not achieve the minimum scores required to be allowed to move forward in the program without retaking Adult Nursing II, which is a required course.

80. In response to the allegations contained in paragraph 80, UA admits only that is ceased using HESI and that the program "ATI" was being used. UA denies

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 14 of 37

Case 3:22-cv-00247-SLG   Document 14   Filed 02/15/23   Page 14 of 37

that the rest of the class used ATI.  UA denies that plaintiff did not know of ATI for five weeks.

81.  UA denies the allegation contained in paragraph 81.

82.  In response to the allegations contained in paragraph 82, UA denies that plaintiff "repeatedly asked" questions concerns about ATI.  UA admits that plaintiff was unable to use ATI during that semester.

83.  UA denies the allegation contained in paragraph 83.

84.  UA denies the allegation contained in paragraph 84.

85.  UA denies the allegation contained in paragraph 85.

86.  The allegations in paragraph 86 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 86.

87.  The allegations in paragraph 87 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 87.

88.  In response to the allegations contained in paragraph 88, UA admits only that plaintiff was invited to an online meeting concerning her behavior at clinical.

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 15 of 37

89.  The allegations in paragraph 89 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 89 and, therefore, denies the same.

90.  The allegations contained in paragraph 90 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 90 and, therefore, denies the same.

91.  UA admits that plaintiff refused to sign the paperwork.  The remaining allegation in paragraph 91 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 91 and, therefore, denies the same.

92.  In response to the allegations contained in paragraph 92, UA admits only that plaintiff failed to make up her clinical rotation days.

93.  The allegations contained in paragraph 93 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 16 of 37

Case 3:22-cv-00247-SLG   Document 14   Filed 02/15/23   Page 16 of 37

response.  To the extent that a response is required, UA lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 93 and, therefore, denies the same.

94.  UA denies the allegations contained in paragraph 94.

95.  UA denies the allegations contained in paragraph 95.

96.  UA denies the allegations contained in paragraph 96.

97.  The allegations in paragraph 97 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 97.

98.  The allegations in paragraph 98 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 98.

99.  The allegations in paragraph 99 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 99.

100.  The allegations in paragraph 100 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 17 of 37

Case 3:22-cv-00247-SLG   Document 14   Filed 02/15/23   Page 17 of 37

response.  To the extent that a response is required, UA denies the allegations contained in paragraph 100.

101.  The allegations in paragraph 101 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 101.

102.  The allegations in paragraph 102 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 102.

## IV. CAUSES OF ACTION

### FIRST COUNT

103.  UA incorporates their responses to paragraphs 1 through 102 as if fully set forth herein.

104.  The allegations in paragraph 104 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 104, specifically that the plaintiff has a constitutional right or a liberty interest in her plagiarism and suspension.

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 18 of 37

Case 3:22-cv-00247-SLG   Document 14   Filed 02/15/23   Page 18 of 37

105. The allegations in paragraph 105 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, UA denies the allegations contained in paragraph 105, specifically that the plaintiff has a constitutional right or a liberty interest in her plagiarism and suspension.

106. In response to the allegations contained in paragraph 106, UA denies the assertion that the plaintiff has constitutionally protected due process rights in her plagiarism and suspension.

106a. The allegations contained in paragraph 106a pertain to parties other than UA, contain a legal conclusion, and/or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, UA denies the allegations contained in paragraph 106a.

106b. The allegations contained in paragraph 106b pertain to parties other than UA, contain a legal conclusion, and/or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, UA denies the allegations contained in paragraph 106b.

106c. The allegations contained in paragraph 106c pertain to parties other than UA, contain a legal conclusion, and/or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, UA denies the allegations contained in paragraph 106c.

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 19 of 37

Case 3:22-cv-00247-SLG   Document 14   Filed 02/15/23   Page 19 of 37

107.  UA denies the allegations in paragraph 107.

108.  The allegations contained in the first sentence of paragraph 108 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in the first sentence of paragraph 108.  In response to the remaining allegations in paragraph 108, UA only admits that it offered plaintiff admission on specified terms.  UA denies the remaining allegations in paragraph 108.

109.  In response to the allegations contained in paragraph 109, UA admits only that plaintiff was admitted to and became a student of UA.

110.  In response to the allegations contained in paragraph 110, UA admits only that plaintiff was obligated to pay tuition in exchange for educational services.  UA denies the remaining allegations in paragraph 110 including that admission mandated that those services continue until the plaintiff graduated.

111.  The allegations in paragraph 111(a)-(d) contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 111(a)-(d).

SECOND COUNT

112.  UA incorporates their responses to paragraphs 1 through 111 as if fully set forth herein.

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 20 of 37

Case 3:22-cv-00247-SLG   Document 14   Filed 02/15/23   Page 20 of 37

113.   The allegations in paragraph 113 contain a legal conclusion as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA admits it is subject to The Americans with Disabilities Act.

114.   The allegations in paragraph 114 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 114 and, therefore, denies the same.

115.   The allegations in paragraph 115 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 115 and, therefore, denies the same.

116.   The allegations in paragraph 116 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 116 and, therefore, denies the same.

117. UA denies all allegations of discrimination contained in paragraph 117.

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 21 of 37

Case 3:22-cv-00247-SLG   Document 14   Filed 02/15/23   Page 21 of 37

117a.  The allegations contained in paragraph 117a pertain to parties other than UA, contain a legal conclusion, and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 117a.

117b.  The allegations in paragraph 117b contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 117b.

117c.  The allegations in paragraph 117c contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 117c.

117d. The allegations contained in paragraph 117d pertain to parties other than UA, contain a legal conclusion, and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.   To the extent that a response is required, UA denies the allegations contained in paragraph 117d.

117e. The allegations contained in paragraph 117e pertain to parties other than UA, contain a legal conclusion, and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 117e.

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 22 of 37

Case 3:22-cv-00247-SLG   Document 14   Filed 02/15/23   Page 22 of 37

117f.  The allegations contained in paragraph 117f pertain to parties other than UA, contain a legal conclusion, and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 117f.

118.  The allegations in paragraph 118(a)-(d) contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 118(a)-(d).

## THIRD COUNT

119.  UA incorporates their responses to paragraphs 1 through 118 as if fully set forth herein.

120.  The allegations in paragraph 120 contain a legal conclusion as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA admits it is subject to the Rehabilitation Act of 1973.

121.  UA lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 121 and, therefore, denies same.

122.  UA lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 122 and, therefore, denies the same.

123.  The allegations in paragraph 123 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 23 of 37

Case 3:22-cv-00247-SLG   Document 14   Filed 02/15/23   Page 23 of 37

response.  To the extent that a response is required, UA denies the allegations contained in paragraph 123.

124. UA denies all allegations of discrimination contained in paragraph 124.

124a.  The allegations contained in paragraph 124a pertain to parties other than UA, contain a legal conclusion, and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.   To the extent that a response is required, UA denies the allegations contained in paragraph 124a.

124b.  The allegations in paragraph 124b contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 124b.

124c.  The allegations in paragraph 124c contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 124c.

124d.  The allegations contained in paragraph 124d pertain to parties other than UA, contain a legal conclusion, and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 124d.

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 24 of 37

Case 3:22-cv-00247-SLG   Document 14   Filed 02/15/23   Page 24 of 37

124e.  The allegations contained in paragraph 124e pertain to parties other than UA, contain a legal conclusion, and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 124e.

124f.  The allegations contained in paragraph 124f pertain to parties other than UA, contain a legal conclusion, and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 124f.

125.  The allegations in paragraph 125(a)-(d) contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 125(a)-(d).

FOURTH COUNT

126.  UA incorporates their responses to paragraphs 1 through 125 as if fully set forth herein.

127.  UA admits only that paragraph 127 correctly quotes Title VI of the Civil Rights Act of 1964.

128.  The allegations in paragraph 128 contain a legal conclusion as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA admits the statements in paragraph 128.

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 25 of 37

129.  The allegations in paragraph 129 contain a legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 129.

130.  UA denies all allegations of discrimination contained in paragraph 130.

130a.  The allegations contained in paragraph 130a pertain to parties other than UA and plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 130a.

130b.  The allegations contained in paragraph 130b pertain to parties other than UA and plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 130b.

131.  The allegations in paragraph 131(a)-(d) contain legal conclusions and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 131(a)-(d).

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 26 of 37

## FIFTH COUNT

132. UA incorporates their responses to paragraphs 1 through 131 as if fully set forth herein.

133. The allegations in paragraph 133 contain a legal conclusion as opposed to factual allegations, and do not require a response. To the extent that a response is required, UA agrees that Title VII prohibits discrimination on the basis of religion.

134. The allegations contained in paragraph 134 pertain to parties other than UA, contain a legal conclusion, and/or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, UA denies the allegations contained in paragraph 134.

135. The allegations in paragraph 135 contain a legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, UA denies the allegations contained in paragraph 135.

136. The allegations in paragraph 136 contain plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, UA denies the allegations contained in paragraph 136.

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 27 of 37

137. The allegations in paragraph 137(a)-(d) contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, UA denies the allegations contained in paragraph 137(a)-(d).

## SIXTH COUNT

138. UA incorporates their responses to paragraphs 1 through 137 as if fully set forth herein.

139. The allegations in paragraph 139 contain a legal conclusion as opposed to factual allegations, and do not require a response. To the extent that a response is required, UA asserts that the statutory language speaks for itself and denies that plaintiff is entitled to any relief from UA.

140. The allegations in paragraph 140 contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, UA denies the allegations contained in paragraph 140.

141. The allegations in paragraph 141 contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, UA denies the allegations contained in paragraph 141.

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 28 of 37

Case 3:22-cv-00247-SLG   Document 14   Filed 02/15/23   Page 28 of 37

142.  The allegations in paragraph 142 contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 142.

143.  The allegations in paragraph 143 contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 143.

144.  UA denies all allegations contained in paragraph 144.

145.  The allegations in paragraph 145(a)-(d) contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 145(a)-(d).

## SEVENTH COUNT

146.  UA incorporates their responses to paragraphs 1 through 145 as if fully set forth herein.

147.  The allegations in paragraph 147 contain a legal conclusion as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA asserts that the statutory language speaks for itself and denies that plaintiff is entitled to any relief from UA.

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 29 of 37

Case 3:22-cv-00247-SLG   Document 14   Filed 02/15/23   Page 29 of 37

148.  The allegations in paragraph 148 contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 148.

149.  The allegations in paragraph 149 contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 149.

150.  The allegations in paragraph 150 contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 150.

151.  The allegations in paragraph 151 contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 151.

152.  The allegations in paragraph 152 contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 152.

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 30 of 37

Case 3:22-cv-00247-SLG   Document 14   Filed 02/15/23   Page 30 of 37

153.  The allegations in paragraph 153(a)-(d) contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 153(a)-(d).

EIGHTH COUNT

154.  UA incorporates their responses to paragraphs 1 through 153 as if fully set forth herein.

155.  The allegations in paragraph 155 contain a legal conclusion as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA asserts that the statutory language speaks for itself and denies that plaintiff is entitled to any relief from UA.

156.  The allegations in paragraph 156 contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 156.

157.  In response to the allegations contained in paragraph 157, UA admits only that plaintiff paid tuition in order to attend classes at UA.  The remaining allegations in paragraph 157 contain a legal conclusion as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the remaining allegations contained in paragraph 157.

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 31 of 37

Case 3:22-cv-00247-SLG   Document 14   Filed 02/15/23   Page 31 of 37

158.  In response to the allegations contained in paragraph 158, UA admits only that plaintiff paid tuition in order to attend classes at UA.

159.  In response to the allegations contained in paragraph 159, UA admits only that plaintiff paid tuition in order to attend classes at UA.  The remaining allegations in paragraph 159 contain a legal conclusion as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the remaining allegations contained in paragraph 159.

160.  In response to the allegations contained in paragraph 160, UA admits only that UA has a student handbook, which contents speak for itself.  The remaining allegations in paragraph 160 contain a legal conclusion as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the remaining allegations contained in paragraph 160.

161.  In response to the allegations contained in paragraph 161, UA admits only that UA has a student handbook, which contents speak for itself.  The remaining allegations in paragraph 161 contain a legal conclusion as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the remaining allegations contained in paragraph 161.

162.  The allegations in paragraph 162 contain a legal conclusion as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 162.

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 32 of 37

Case 3:22-cv-00247-SLG   Document 14   Filed 02/15/23   Page 32 of 37

163.  The allegations in paragraph 163 contain a legal conclusion as opposed to factual allegations, and do not require a response.  To the extent that a response is required, UA denies the allegations contained in paragraph 163.

## Affirmative Defenses

1.      Plaintiff's complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims, in whole or in part, may be barred by the applicable statutes of limitations.

3.      This court lacks jurisdiction over some or all of plaintiff's claims.

4.      Plaintiff is not entitled to damages, even if plaintiff can prove a violation of the law, because any acts or omissions giving rise to plaintiff's claims were undertaken or made in good faith, and UA had reasonable grounds for believing that its actions or omissions did not violate the law.

5.      UA engaged in good faith efforts to comply with the law.

6.      Plaintiff fails to state a prima facie case under any of the claims or causes of action plaintiff has asserted.

7.      Plaintiff's damages, if any, were caused, in whole or in part, by her own comparative negligence, or the negligence or intentional conduct of parties other

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 33 of 37

Case 3:22-cv-00247-SLG   Document 14   Filed 02/15/23   Page 33 of 37

than UA, with the result that plaintiff's recovery, if any, should be proportionately reduced.

8.     Plaintiff's claims are barred by the doctrine of unclean hands.

9.     UA exercised due diligence and reasonable care in providing plaintiff with an education and various accommodations under the ADA and ancillary hiring, training, or supervising staff.

10.     UA provided reasonable accommodations and due process to plaintiff.

11.     Any actions taken or decisions made by UA concerning plaintiff were based on legitimate and non-discriminatory reasons.

12.     The decisions made by UA were based on factors recognized by UA policies and regulations.

13.     Defendants did not infringe upon plaintiff's property interests.

14.     UA's conduct was not intentional, extreme, outrageous, or reckless.

15.     UA's conduct did not cause plaintiff emotional distress, severe or otherwise.

16.     Any actions taken or decisions made by UA concerning plaintiff were based on legitimate and non-discriminatory reasons.

17.     No contract between plaintiff and defendants existed.

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 34 of 37

Case 3:22-cv-00247-SLG   Document 14   Filed 02/15/23   Page 34 of 37

18.     Plaintiff was treated in a manner that a reasonable person would regard as fair.

19.     UA was objectively fair in its treatment of plaintiff.

20.     UA denies that plaintiff is entitled to recover any damages or other relief.  However, to the extent that damages are awarded, plaintiff's recovery should be limited in accordance with any failure by plaintiff to properly mitigate her damages.

21.     Plaintiff's claim for punitive damages is barred by AS 09.50.280.

22.     Actions seeking the imposition of punitive damages are essentially criminal in nature and entitle defendants to the right given to a defendant in a criminal proceeding under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and Art. 1 §§ 1, 7, 9, and 12 of the Alaska Constitution.  Procedures in a civil action such as the present action, which denies such rights to a defendant, include, among other things (1) permitting proof of the factual predicate for imposition of punitive damages by less than proof beyond a reasonable doubt, and (2) permitting a jury verdict by less than a unanimous vote.

23.     The imposition of punitive damages constitutes a denial of due process and equal protection of the laws in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Art. 1, §§ 1 and 7 of the Alaska Constitution.

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 35 of 37

Case 3:22-cv-00247-SLG   Document 14   Filed 02/15/23   Page 35 of 37

24.     The imposition of punitive damages is impermissibly vague, imprecise, and inconsistent, and, therefore, in violation of answering defendant's rights guaranteed under the Fifth and Fourteenth Amendments of the United States Constitution and Art. 1, §§ 1 and 7 of the Alaska Constitution.

25.     UA reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged.  UA asserts all applicable statutory limitations with respect to plaintiff's damage claims.

WHEREFORE, having fully answered plaintiff's Complaint, UA prays for the following relief:

A.     That plaintiff's complaint be dismissed with prejudice and that plaintiff recover nothing as against UA;

B.     That, in the event plaintiff obtains a judgment, plaintiff may only recover the percentage of plaintiff's damages corresponding to UA's percentage of fault;

C.     That UA be awarded reasonable costs and attorney's fees incurred in the defense of this action; and

D.     That UA be awarded such other and additional relief as the court deems just and proper.

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 36 of 37

Case 3:22-cv-00247-SLG   Document 14   Filed 02/15/23   Page 36 of 37

DATED at Anchorage, Alaska, this 15th day of February, 2023.

GUESS & RUDD P.C.
Attorneys for University of Alaska-Anchorage

By:＿＿ /s Christina A. Rankin ＿＿＿＿＿＿
　　Christina A. Rankin, AK Bar No. 0306034

CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of
February, 2023, a copy of the foregoing document
was served electronically on:

Keith Altman, Esq.

Guess & Rudd P.C.

s/Christina Rankin ＿＿＿＿＿＿＿＿＿＿
F:\6793\5\Pleadings\02 Answer.doc

UA's Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 37 of 37

Case 3:22-cv-00247-SLG   Document 14   Filed 02/15/23   Page 37 of 37