Christina A. Rankin, Esq.
Kristin E. Crabb, Esq.
Pamela D. Weiss, Esq.
Guess & Rudd P.C.
1029 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501
(907) 793-2200 Telephone
(907) 793-2299 Facsimile
E-mail:  crankin@guessrudd.com
E-mail:  kcrabb@guessrudd.com
E-mail:  pweiss@guessrudd.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| REBECCA MASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:22-cv-00247-SLG |
| | ) | |
| UNIVERSITY OF ALASKA-<br>ANCHORAGE through the Board of<br>Regents;<br>DOROTHY KINLEY, in her<br>Individual and official capacity;<br>CHRISTINE MICHEL, in her<br>Individual and official capacity;<br>BANU MUFALE, in her individual<br>and official capacity; and<br>DOE DEFENDANTS 1-20, in their<br>Individual and official capacity, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| | ) | |
| Defendants. | ) | |

## INDIVIDUAL DEFENDANTS' ANSWER TO COMPLAINT

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 1 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 1 of 43

Defendants Dorothy Kinley ("Defendant Kinley"), Christine Michel ("Defendant Michel") and Banu Mufale ("Defendant Mufale") (collectively "Individual Defendants"), by and through their attorneys, Guess & Rudd, P.C., hereby respond to plaintiff's Complaint, paragraph by paragraph, as follows:

## I. PARTIES

1. In response to the allegations contained in paragraph 1, Individual Defendants admits only that plaintiff attended UA. Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 1 and, therefore, deny the same.

2. The allegations contained in paragraph 2 pertain to a party other than Individual Defendants and does not require a response. To the extent that a response is required, Individual Defendants admit only that UA is a state university established by Article VII, Section 2 of the Alaska Constitution.

3. In response to the allegations contained in paragraph 3, Defendant Kinley admits she was employed by UA. However, Defendant Kinley lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 3 and, therefore, denies the same.

4. In response to the allegations contained in paragraph 4, Defendant Michel admits only that she was employed by UA. However, Defendant Michel lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 4 and, therefore, denies the same.

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 2 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 2 of 43

5.  In response to the allegations contained in paragraph 5, Defendant Mufale admits only that she was employed by UA.  However, Defendant Mufale lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 5 and, therefore, denies the same.

6.  The allegations contained in paragraph 6 pertain to parties other than Individual Defendants and do not require a response.  To the extent that a response is required, Individual Defendants lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 6 and, therefore, deny the same.

## II. JURISDICTION & VENUE

7.  The allegations contained in paragraph 7 are legal conclusions and thus require no response.  To the extent a response is required, Individual Defendants admit that the District Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

8.  The allegations contained in paragraph 8 are legal conclusions and thus require no response.  To the extent a response is required, Individual Defendants admit that 28 U.S.C. 1367 allows the Court to exercise supplement jurisdiction over a plaintiff's state claim when a federal claim is made under 28 U.S.C. 1331.

9.  The allegations contained in paragraph 9 pertain to parties other than Individual Defendants and do not require a response.  To the extent that a response is required, Individual Defendants admits the allegations contained in paragraph 9.

10.  Individual Defendants deny the allegations set forth in paragraph 10.

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 3 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 3 of 43

11.  The allegations contained in paragraph 11 are legal conclusions and thus require no response.  To the extent a response is required, Individual Defendants do not have an objection to venue.

### III. FACTUAL ALLEGATIONS

12.  In response to the allegations contained in paragraph 12, Individual Defendants admit only that plaintiff was a student at University of Alaska.

13.  Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 13 and, therefore, deny the same.

14.  Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 14 and, therefore, deny the same.

15.  Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 15 and, therefore, deny the same.

16.  Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 16 and, therefore, deny the same.

17.  Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 17 and, therefore, deny the same.

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 4 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 4 of 43

18.  Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 18 and, therefore, deny the same.

19.  Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 19 and, therefore, deny the same.

20.  Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 20 and, therefore, deny the same.

21.  Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 21 and, therefore, deny the same.

22.  Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 and, therefore, deny the same.

23.  Individual Defendants admit that they were informed that plaintiff was granted accommodations, including extended time for exams and exam-taking in a reduced distraction environment.   Individual Defendants deny the remaining allegations contained in paragraph 23.

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 5 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 5 of 43

24.  Individual Defendants lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 24 and, therefore, deny the same.

25. In response to the allegations contained in paragraph 25, Defendant Kinley admits she was the teacher for plaintiff's cohort and that the exams were proctored by an adjunct professor.  Defendant Mufale and Defendant Michel lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 and, therefore, deny the same.

26.  In response to the allegations contained in paragraph 26, Defendant Kinley admits that the adjunct professor was responsible for the lab portion of the cohort. Defendant Mufale and Defendant Michel lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 and, therefore, deny the same.

27.  Individual Defendants deny the allegations contained in paragraph 27

28.  Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 28 and, therefore, deny the same.

29.  The allegations in paragraph 29 contain plaintiff's characterizations as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 29.

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 6 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 6 of 43

30.  Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 30 and, therefore, deny the same.

31.  Defendant Kinley denies the allegations contained in paragraph 31. Defendant Mufale and Defendant Michel lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 and, therefore, deny the same.

32.  The allegations in paragraph 32 contain a legal conclusion and/or plaintiff's characterizations as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 32.

33.  The allegations in paragraph 33 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 33.

34.  The allegations in paragraph 34 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 34.

35.  Defendant Kinley denies the allegations contained in paragraph 35. The allegations do not pertain to Defendant Mufale and Defendant Michel and therefore

no response is required. To the extent that a response is required, Defendant Mufale and Defendant Michel lack information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, deny the same.

36. Defendant Kinley denies the allegations contained in paragraph 36. The allegations do not pertain to Defendant Mufale and Defendant Michel and therefore no response is required from Defendant Mufale or Defendant Michel. To the extent that a response is required, Defendant Mufale and Defendant Michel lack information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, deny the same.

37. The allegation contained in paragraph 37 pertains to an individual who is not a party to the action and no response is required. To the extent a response is required, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, deny the same.

38. Defendant Kinley denies the allegations contained in paragraph 38. The allegations do not pertain to Defendant Mufale and Defendant Michel and therefore no response is required from Defendant Mufale or Defendant Michel. To the extent a response is required, Defendant Mufale and Defendant Michel lack information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, deny the same.

39. Defendant Kinley denies the allegations contained in paragraph 39. The allegations do not pertain to Defendant Mufale and Defendant Michel and therefore no response is required. To the extent that a response is required, Defendant Mufale and

Defendant Michel lack information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, deny the same.

40. Defendant Kinley denies the allegations contained in paragraph 40. The allegations do not pertain to Defendant Mufale and Defendant Michel and therefore no response is required. To the extent that a response is required, Defendant Mufale and Defendant Michel lack information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, deny the same.

41. The allegations contained in paragraph 41 pertain to individuals other than Individual Defendants and do not require a response. To the extent that Individual Defendants are expected or required to respond, they deny the allegations.

42. Defendant Kinley denies the allegations contained in paragraph 42. The allegations do not pertain to Defendant Mufale and Defendant Michel and therefore no response is required from Defendant Mufale or Defendant Michel. To the extent that a response is required, Defendant Mufale and Defendant Michel lack information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, deny the same.

43. The allegations in paragraph 43 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent a response is required, Individual Defendants deny the allegations.

44. The allegations in paragraph 44 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent a response is required, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies the same.

45. Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 and, therefore, deny the same.

46. The allegations in paragraph 46 contain a legal conclusion and/or plaintiff's characterizations as opposed to factual allegations, and do not require a response. To the extent a response is required, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, deny the same.

47. In response to the allegations contained in paragraph 47, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, deny the same.

48. The allegations contained in paragraph 48 pertain to individuals that are not parties to this case and are not Individual Defendants and thus do not require a response. To the extent a response is required, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies the same.

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 10 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 10 of 43

49. In response to the allegations contained in paragraph 49, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, deny the same.

50. The allegations contained in paragraph 50 appear to pertain to parties other than the Individual Defendants and require no response. To the extent a response is required, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, deny the same.

51. The allegations contained in paragraph 51 appear to pertain to parties other than the Individual Defendants and require no response. To the extent a response is required, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations. In any event, students' academic and discipline records are highly confidential and subject to FERPA and, as such, Individual Defendants could not admit or deny this allegation.

52. The allegations contained in paragraph 52 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent a response is required, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, deny the same.

53. In response to the allegations contained in paragraph 53, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, deny the same.

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 11 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 11 of 43

54.  The allegations contained in paragraph 54 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent a response is required Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, deny the same.

55.  Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 55 and, therefore, deny the same.

56.  The allegations contained in paragraph 56 pertain to parties other than Individual Defendants and do not require a response.  To the extent that a response is required, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 56 and, therefore, deny the same.

57.  Defendant Michel denies the allegations contained in paragraph 57. Defendant Kinley and Defendant Mufale lack information sufficient to form a belief as to the truth or falsity of the allegations set forth and, therefore, deny the same

58.  In response to the allegations contained in paragraph 58, Defendant Michel admits that plaintiff was required to write a paper on HIPAA to be submitted to her.  Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 58 and, therefore, deny the same.

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 12 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 12 of 43

59. In response to the allegations contained in paragraph 59, Defendant Michel admits the paper was required to be in APA style. Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 59 and, therefore, deny the same.

60. The allegations contained in paragraph 60 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, Defendant Michel denies the allegations. Defendant Kinley and Defendant Mufale lack information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, deny the same.

61. In response to the allegations contained in paragraph 61, Defendant Michel admits only that the paper was not formatted in APA-style and she informed plaintiff of this. Defendant Michel denies any other allegations that may be contained in paragraph 61. Defendant Mufale and Defendant Kinley lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 61 and, therefore, deny the same.

62. The allegations in paragraph 62 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth and, therefore, denies the same.

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 13 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 13 of 43

63.  In response to the allegations contained in paragraph 63, Defendant Michel admits only that plaintiff was allowed to register for the fall 2020 semester but denies the remaining allegations in paragraph 63; Defendant Mufale and Defendant Kinley lack information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, deny the same.

64.  The allegations in paragraph 64 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 64 and, therefore, deny the same.

65.  The allegations in paragraph 65 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 65 and, therefore, deny the same.

66.  The allegations in paragraph 66 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 66 and, therefore, deny the same.

67.  In response to the allegations contained in paragraph 67, Individual Defendants admit that, due in part to COVID, exam testing was moved to an online system called RPNOW.[1]  The rest of the allegations in paragraph 67 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 67 and, therefore, deny the same.

68.  The allegations contained in paragraph 68 appear to pertain to parties other than Individual Defendants and do not require a response.  To the extent a response is required, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 68 and, therefore, deny the same.

69.  In response to the allegations contained in paragraph 69, Defendant Michel admits that she was one of plaintiff's professors but denies any other allegations that may be contained in paragraph 69.  Defendant Mufale and Defendant Kinley lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 69 and, therefore, deny the same.

70.  In response to the allegations contained in paragraph 70, Defendant Michel admits only that the syllabus did not change.  Defendant Mufale and Defendant

---

[1] The Complaint incorrectly labels the system as PR Now.

Kinley lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 70 and, therefore, deny the same.

71. In response to the allegations contained in paragraph 71, Defendant Michel admits only that plaintiff did take this exam but denies any other allegations contained in paragraph 71. Defendant Mufale and Defendant Kinley lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 71 and, therefore, deny the same.

72. The allegations in paragraph 72 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 72 and, therefore, deny the same.

73. The allegations in paragraph 73 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, Defendant Michel denies the allegations; Defendant Mufale and Defendant Kinley lack information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 73 and, therefore, deny the same.

74. The allegations in paragraph 74 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, Defendant Michel admits that

plaintiff did not pass the exam but denies the remaining allegations contained in paragraph 74. Defendant Mufale and Defendant Kinley lack information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 74 and, therefore, deny the same.

75. This allegation is too vague for Individual Defendants to formulate a response. To the extent a response is required, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 75 and, therefore, deny the same. In any event, students' academic records are highly confidential and subject to FERPA and, as such, Individual Defendants could not admit or deny this allegation.

76. In response to the allegations contained in paragraph 76, Individual Defendants admit only that plaintiff did not achieve the minimum scores required to be allowed to move forward in the program without retaking Adult Nursing II. Individual Defendants deny the characterization that she missed the minimum scores "by only a few points".

77. Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 77 and, therefore, deny the same.

78. Defendant Michel denies the allegations in paragraph 78. The allegations set forth in paragraph 78 do not pertain to Defendant Mufale and Defendant Kinley and therefore do not require a response. To the extent a response is required,

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 17 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 17 of 43

Defendant Mufale and Defendant Kinley lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 78 and, therefore, deny the same.

79. Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 79 and, therefore, deny the same.

80. In response to the allegations contained in paragraph 80, Individual Defendants admit that the program "ATI" was being used. Defendant Michel denies the remaining allegations contained in paragraph 80. Defendant Mufale and Defendant Kinley lack  information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 80 and, therefore, deny the same.

81. Individual Defendants deny the allegations set forth in paragraph 81.

82. In response to the allegations contained in paragraph 82, Defendant Michel admits that plaintiff was unable to use ATI for that semester but denies all the remaining allegations contained in paragraph 82. Defendant Mufale and Defendant Kinley lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 82 and, therefore, deny the same.

83. Defendant Michel denies the allegation contained in paragraph 83. The allegations are not directed at Defendant Mufale and Defendant Kinley and therefore do not require a response from them. To the extent a response is required, Defendant

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 18 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 18 of 43

Mufale and Defendant Kinley lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 83 and, therefore, deny the same.

84. Defendant Michel denies the allegations contained in paragraph 84. The allegations are not directed at Defendant Mufale and Defendant Kinley and therefore do not require a response from them. To the extent a response is required, Defendant Mufale and Defendant Kinley lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 84 and, therefore, deny the same.

85. Defendant Michel denies the allegations contained in paragraph 85. The allegations are not directed at Defendant Mufale and Defendant Kinley and therefore do not require a response from them. To the extent a response is required, Defendant Mufale and Defendant Kinley lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 85 and, therefore, deny the same.

86. The allegations in paragraph 86 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 86 and, therefore, deny the same.

87. The allegations in paragraph 87 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, Defendant Mufale denies the allegations contained in paragraph 87. Defendant Kinley and Defendant Michel lack

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 19 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 19 of 43

information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 87 and, therefore, deny the same.

88. In response to the allegations contained in paragraph 88, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 88 and, therefore, deny the same.

89. The allegations in paragraph 89 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 89 and, therefore, deny the same.

90. The allegations in paragraph 90 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, Defendant Mufale admits only that she was involved in a hearing involving plaintiff. Defendant Kinley and Defendant Michel lack information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 90 and, therefore, deny the same.

91. The allegations in paragraph 91 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 91 and, therefore, deny the same.

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 20 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 20 of 43

92. The allegations contained in paragraph 92 are directed at persons other than Individual Defendants and do not require a response. To the extent a response is required, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 92 and, therefore, deny the same.

93. The allegations contained in paragraph 93 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 93 and, therefore, deny the same.

94. Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 94 and, therefore, deny the same.

95. Defendant Michel denies the allegations contained in paragraph 95. Defendant Mufale and Defendant Kinley lack information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 95 and, therefore, deny the same.

96. Defendant Mufale denies the allegations contained in paragraph 96. Defendant Michel and Defendant Kinley lack information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 96 and, therefore, deny the same.

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 21 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 21 of 43

97.  The allegations in paragraph 97 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 97.

98.  The allegations in paragraph 98 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 98.

99.  The allegations in paragraph 99 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 99.

100.  The allegations in paragraph 100 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 100.

101.  The allegations in paragraph 101 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 101.

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 22 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 22 of 43

102.  The allegations in paragraph 102 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 102.

## IV. CAUSES OF ACTION

### FIRST COUNT

103.  Individual Defendants incorporate their responses to paragraphs 1 through 102 as if fully set forth herein.

104.  The allegations in paragraph 104 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 104, specifically that the plaintiff has a constitutional right or a liberty interest in her plagiarism and suspension.

105.  The allegations in paragraph 105 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 105, specifically that the plaintiff has a constitutional right or a liberty interest in her plagiarism and suspension.

106.  In response to the allegations contained in paragraph 106, Individual Defendants deny the assertion that the plaintiff has constitutionally protected due process rights in her plagiarism and suspension.

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 23 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 23 of 43

106a.  The allegations contained in paragraph 106a do not pertain to all Individual Defendants, contain a legal conclusion, and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants, including specifically Defendant Kinley, deny the allegations contained in paragraph 106a.

106b.  The allegations contained in paragraph 106b do not pertain to all Individual Defendants, contain a legal conclusion, and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants, including specifically Defendant Michel, deny the allegations contained in paragraph 106b.

106c.  The allegations contained in paragraph 106c do not pertain to all Individual Defendants, contain a legal conclusion, and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants, including specifically Defendant Michel, deny the allegations contained in paragraph 106c.

107.  Individual Defendants deny the allegations in paragraph 107.

108.  The allegations contained in the first sentence of paragraph 108 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants deny the allegations contained in the first sentence of paragraph 108.  Individual Defendants lack information sufficient to form a belief as to the truth or

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 24 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 24 of 43

falsity of the remaining allegations contained in paragraph 108 and, therefore, deny the same.

109. Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 109 and, therefore, deny the same.

110. The allegations contained in paragraph 110 do not pertain to Individual Defendants and do not require a response. To the extent a response is required, Individual Defendants deny the allegations contained in paragraph 110.

111. The allegations in paragraph 111(a)-(d) contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 111(a)-(d).

SECOND COUNT

112. Individual Defendants incorporate their responses to paragraphs 1 through 111 as if fully set forth herein.

113. The allegations in paragraph 113 do not pertain to Individual Defendants, contain a legal conclusion as opposed to factual allegations, and do not require a response. To the extent that a response is required, Individual Defendants admit that UA is subject to The Americans with Disabilities Act.

114. The allegations in paragraph 114 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 25 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 25 of 43

response.  To the extent that a response is required, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 114 and, therefore, denies the same.

115.  The allegations in paragraph 115 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 115 and, therefore, deny the same.

116.  The allegations in paragraph 116 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 116 and, therefore, deny the same.

117. Individual Defendants deny all allegations of discrimination contained in paragraph 117.

117a.  The allegations contained in paragraph 117a do not pertain to all Individual Defendants, contain a legal conclusion, and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants, including specifically Defendant Kinley, deny the allegations contained in paragraph 117a.

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 26 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 26 of 43

117b.  The allegations in paragraph 117b contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 117b and, therefore, deny the same.

117c.  The allegations in paragraph 117c do not pertain to Individual Defendants, contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 117c.

117d.  The allegations contained in paragraph 117d do not pertain to all Individual Defendants, contain a legal conclusion, and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Defendant Michel denies the allegations contained in paragraph 117d; Defendant Mufale and Defendant Kinley lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 117d.

117e.  The allegations contained in paragraph 117e do not pertain to all Individual Defendants, contain a legal conclusion, and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Defendant Mufale denies the allegations contained in paragraph 117e; Defendant Michel and Defendant Kinley lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 117e.

117f.  The allegations contained in paragraph 117f do not pertain to all Individual Defendants, contain a legal conclusion, and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Defendant Michel denies the allegations contained in paragraph 117f and Defendant Mufale and Defendant Kinley lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 117f.

118.  The allegations in paragraph 118(a)-(d) are not directed at Individual Defendants, contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 118(a)-(d).

THIRD COUNT

119.  Individual Defendants incorporate their responses to paragraphs 1 through 118 as if fully set forth herein.

120.  The allegations in paragraph 120 are not directed at Individual Defendants, contain a legal conclusion as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants admit only that UA is subject to the Rehabilitation Act of 1973.

121.  Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 121 and, therefore, deny same.

122. Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 122 and, therefore, deny the same.

123. The allegations in paragraph 123 contain a legal conclusion and/or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 123.

124. Individual Defendants deny all allegations of discrimination contained in paragraph 124.

124a. The allegations contained in paragraph 124a do not pertain to all Individual Defendants, contain a legal conclusion, and/or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, Defendant Kinley denies the allegations contained in paragraph 124a; Defendant Michel and Defendant Mufale lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 124a and, therefore, deny the same.

124b. The allegations in paragraph 124b do not pertain to Individual Defendants, contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 124b.

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 29 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 29 of 43

124c.  The allegations in paragraph 124c do not pertain to Individual Defendants, contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 124c.

124d.  The allegations contained in paragraph 124d do not pertain to all Individual Defendants, contain a legal conclusion, and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Defendant Michel denies the allegations contained in paragraph 124d; Defendant Mufale and Defendant Kinley lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 124d and, therefore, deny the same.

124e.  The allegations contained in paragraph 124e do not pertain to all Individual Defendants contain a legal conclusion, and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Defendant Mufale denies the allegations contained in paragraph 124e; Defendant Michel and Defendant Kinley lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 124e and, therefore, deny the same.

124f.  The allegations contained in paragraph 124f do not pertain to all Individual Defendants contain a legal conclusion, and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 30 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 30 of 43

response is required, Defendant Michel denies the allegations contained in paragraph 124f; Defendant Mufale and Defendant Kinley lack information sufficient to form a belief as to the truth or falsity

125. The allegations in paragraph 125(a)-(d) contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 125(a)-(d).

## FOURTH COUNT

126. Individual Defendants incorporate their responses to paragraphs 1 through 125 as if fully set forth herein.

127. The allegation in paragraph 127 simply states a legal standard as opposed to factual allegations, and does not require a response. To the extent that a response is required, Individual Defendants admit only that paragraph 127 correctly quotes Title VI of the Civil Rights Act of 1964.

128. The allegations in paragraph 128 contain a legal conclusion as opposed to factual allegations, and do not require a response. To the extent that a response is required, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 128 and, therefore, deny the same.

129. The allegations in paragraph 129 contain a legal conclusion or plaintiff's characterization as opposed to factual allegations, and do not require a

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 31 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 31 of 43

response. To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 129.

130. Individual Defendants deny all allegations of discrimination contained in paragraph 130.

130a. The allegations in paragraph 130a do not pertain to all Individual Defendants and contain plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, Defendant Michel denies the allegations contained in paragraph 130a; Defendant Mufale and Defendant Kinley lack information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 130a and, therefore, deny the same.

130b. The allegations in paragraph 130b do not pertain to all Individual Defendants and contain plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, Defendant Michel denies the allegations contained in paragraph 130b; Defendant Mufale and Defendant Kinley lack information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 130a and, therefore, deny the same.

131. The allegations in paragraph 131(a)-(d) contain legal conclusions and/or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 131(a)-(d).

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 32 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 32 of 43

132.  Individual Defendants incorporate their responses to paragraphs 1 through 131 as if fully set forth herein.

133.  The allegations in paragraph 133 contain a legal conclusion as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants agree that Title VII prohibits discrimination on the basis of religion.

134.  The allegations contained in paragraph 134 do not pertain to all Individual Defendants, contain a legal conclusion, and/or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Defendant Kinley denies the allegations contained in paragraph 134; Defendant Mufale and Defendant Michel lack information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 134 and, therefore, deny the same.

135.  The allegations in paragraph 135 do not pertain to all Individual Defendants, contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Defendant Kinley denies the allegations contained in paragraph 135; Defendant Mufale and Defendant Michel lack information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 135 and, therefore, deny the same.

136.  The allegations in paragraph 136 do not pertain to all Individual Defendants, contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Defendant Kinley denies the allegations contained in paragraph 136; Defendant Mufale and Defendant Michel lack information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 136 and, therefore, deny the same.

137.  The allegations in paragraph 137(a)-(d) contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 137(a)-(d).

SIXTH COUNT

138.  Individual Defendants incorporate their responses to paragraphs 1 through 137 as if fully set forth herein.

139.  The allegations in paragraph 139 contain a legal conclusion as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants assert that the statutory language speaks for itself and deny that plaintiff is entitled to any relief from Individual Defendants.

140.  The allegations in paragraph 140 contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 140.

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 34 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 34 of 43

141.  The allegations in paragraph 141 contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 141.

142.  The allegations in paragraph 142 contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 142.

143.  The allegations in paragraph 143 contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 143.

144.  Individual Defendants deny all allegations contained in paragraph 144.

145.  The allegations in paragraph 145(a)-(d) contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 145(a)-(d).

## SEVENTH COUNT

146.  Individual Defendants incorporate their responses to paragraphs 1 through 145 as if fully set forth herein.

147. The allegations in paragraph 147 contain a legal conclusion as opposed to factual allegations, and do not require a response. To the extent that a response is required, Individual Defendants assert that the statutory language speaks for itself and denies that plaintiff is entitled to any relief from Individual Defendants.

148. The allegations in paragraph 148 contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 148.

149. The allegations in paragraph 149 contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 149.

150. The allegations in paragraph 150 contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 150.

151. The allegations in paragraph 151 contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 151.

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 36 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 36 of 43

152. The allegations in paragraph 152 contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 152.

153. The allegations in paragraph 153(a)-(d) contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 153(a)-(d).

EIGHTH COUNT

154. Individual Defendants incorporate their responses to paragraphs 1 through 153 as if fully set forth herein.

155. The allegations in paragraph 155 contain a legal conclusion as opposed to factual allegations, and do not require a response. To the extent that a response is required, Individual Defendants assert that the statutory language speaks for itself and deny that plaintiff is entitled to any relief from Individual Defendants.

156. The allegations in paragraph 156 contain legal conclusions or plaintiff's characterization as opposed to factual allegations, and do not require a response. To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 156.

157. The allegations contained in paragraph 157 do not pertain to Individual Defendants and do not require a response from them. Further the allegations

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 37 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 37 of 43

in paragraph 157 contain a legal conclusion as opposed to factual allegations, and do not require a response. To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 157.

158. In response to the allegations contained in paragraph 158, Individual Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 158 and, therefore, deny the same.

159. The allegations contained in paragraph 159 do not pertain to Individual Defendants and do not require a response from them. Further the allegations in paragraph 159 contain a legal conclusion as opposed to factual allegations, and do not require a response. To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 159.

160. In response to the allegations contained in paragraph 160, UA admits only that UA has a student handbook, which contents speak for itself. The remaining allegations in paragraph 160 contain a legal conclusion as opposed to factual allegations, and do not require a response. To the extent that a response is required, UA denies the remaining allegations contained in paragraph 160.

161. The allegations contained in paragraph 161 do not pertain to Individual Defendants and do not require a response from them. Further the allegations in paragraph 161 contain a legal conclusion as opposed to factual allegations, and do not require a response. To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 161.

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 38 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 38 of 43

162.  Some or all of the allegations contained in paragraph 162 do not pertain to Individual Defendants and do not require a response from them.  Further the allegations in paragraph 162 contain a legal conclusion as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 162.

163.  The allegations in paragraph 163 contain a legal conclusion as opposed to factual allegations, and do not require a response.  To the extent that a response is required, Individual Defendants deny the allegations contained in paragraph 163.

<u>Affirmative Defenses</u>

1.      Plaintiff's complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims, in whole or in part, may be barred by the applicable statutes of limitations.

3.      This court lacks jurisdiction over some or all of plaintiff's claims.

4.      Plaintiff is not entitled to damages, even if plaintiff can prove a violation of the law, because any acts or omissions giving rise to plaintiff's claims were undertaken or made in good faith, and Individual Defendants had reasonable grounds for believing that its actions or omissions did not violate the law.

5.      Individual Defendants at all times acted reasonably and engaged in good faith efforts to comply with the law.

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 39 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 39 of 43

6.     Plaintiff fails to state a prima facie case under any of the claims or causes of action plaintiff has asserted.

7.     Plaintiff's damages, if any, were caused, in whole or in part, by her own comparative negligence, or the negligence or intentional conduct of parties other than UA and Individual Defendants, with the result that plaintiff's recovery, if any, should be proportionately reduced.

8.     Plaintiff's claims are barred by the doctrine of unclean hands.

9.     The actions taken by Individual Defendants complied with UA policies and regulations.

10.    Defendants did not infringe upon plaintiff's property interests.

11.    Individual Defendants' conduct was not intentional, extreme, outrageous, or reckless.

12.    Individual Defendants' conduct did not cause plaintiff emotional distress, severe or otherwise.

13.    Any actions taken or decisions made by Individual Defendants concerning plaintiff were based on legitimate and non-discriminatory reasons.

14.    No contract between plaintiff and defendants existed.

15.     Plaintiff was treated in a manner that a reasonable person would regard as fair.

16.    Individual Defendants were objectively fair in their treatment of plaintiff.

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 40 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 40 of 43

17. Individual Defendants deny that plaintiff is entitled to recover any damages or other relief. However, to the extent that damages are awarded, plaintiff's recovery should be limited in accordance with any failure by plaintiff to properly mitigate her damages.

18. Plaintiff's claim for punitive damages is barred by AS 09.50.280.

19. Actions seeking the imposition of punitive damages are essentially criminal in nature and entitle defendants to the right given to a defendant in a criminal proceeding under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and Art. 1 §§ 1, 7, 9, and 12 of the Alaska Constitution. Procedures in a civil action such as the present action, which denies such rights to a defendant, include, among other things (1) permitting proof of the factual predicate for imposition of punitive damages by less than proof beyond a reasonable doubt, and (2) permitting a jury verdict by less than a unanimous vote.

20. The imposition of punitive damages constitutes a denial of due process and equal protection of the laws in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Art. 1, §§ 1 and 7 of the Alaska Constitution.

21. The imposition of punitive damages is impermissibly vague, imprecise, and inconsistent, and, therefore, in violation of Individual Defendants' rights guaranteed under the Fifth and Fourteenth Amendments of the United States Constitution and Art. 1, §§ 1 and 7 of the Alaska Constitution.

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 41 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 41 of 43

22.     Individual Defendants reserve the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged.  UA asserts all applicable statutory limitations with respect to plaintiff's damage claims.

WHEREFORE, having fully answered plaintiff's Complaint, Individual Defendants pray for the following relief:

A.     That plaintiff's complaint be dismissed with prejudice and that plaintiff recover nothing as against Individual Defendants;

B.     That, in the event plaintiff obtains a judgment, plaintiff may only recover the percentage of plaintiff's damages corresponding to Individual Defendants' percentage of fault;

C.     That Individual Defendants be awarded reasonable costs and attorney's fees incurred in the defense of this action; and

D.     That Individual Defendants be awarded such other and additional relief as the court deems just and proper.

DATED at Anchorage, Alaska, this 10th day of March, 2023.

GUESS & RUDD P.C.
Attorneys for Defendants


By:   s/Christina A. Rankin
     Christina A. Rankin, AK Bar No. 0306034
     Kristin E. Crabb, AK Bar No. 1011070
     Pamela D. Weiss, AK Bar No. 0305022

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 42 of 43

Case 3:22-cv-00247-SLG   Document 19   Filed 03/10/23   Page 42 of 43

CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of
March, 2023, a copy of the foregoing document
was served electronically on:

Keith Altman, Esq.

Guess & Rudd P.C.

s/Christina A. Rankin
F:\6793\5\Pleadings\03 Individual Defendants Answer.doc

Individual Defendants' Answer to Complaint
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 43 of 43