**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

REBECCA MASON,

                Plaintiff,

     v.

UNIVERSITY OF ALASKA-
ANCHORAGE through the Board of
Regents, *et al.*,

                Defendants.

Case No. 3:22-cv-00247-SLG

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Before the Court at Docket 32 is Defendants' Motion for Summary Judgment. Plaintiff responded in opposition at Docket 33, to which Defendants replied at Docket 35. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

This case involves various incidents alleged to have occurred between spring of 2018 and spring of 2021 while Plaintiff Rebecca Mason ("Mason") was enrolled in the University of Alaska Anchorage's School of Nursing ("SON") program. The facts, viewed in the light most favorable to Mason in determining Defendants' motion for summary judgment, are as follows:

Mason is an Inupiat Eskimo and suffers from various health conditions including arrhythmia, epilepsy, anxiety, insomnia, spondylosis, and attention deficit

disorder.[1] She enrolled in the SON program staring in the spring semester of 2018. She began her coursework at a satellite campus in Kotzebue, Alaska, completing the Adult Nursing I coursework with a small group of students.[2] She passed that initial coursework and then transferred to the University of Alaska Anchorage ("UAA") Mat-Su campus for the fall semester of 2018.[3]

After beginning the next scheduled nursing course in the fall of 2018, Mason alleges she realized that she had not been adequately trained in Kotzebue, and, consequently, she asked her professor at that time, Defendant Dorothy Kinley, to "start over" with her studies.[4] Defendant Kinley denied this request.[5]

Mason also alleges that on December 11, 2018, before taking an examination scheduled for later that day, she overheard Defendant Kinley engaging in a conversation with another student wherein that student made disparaging remarks about Mason and her Mormon religion.[6] Mason alleges that Defendant Kinley verbally agreed with these remarks.[7] This triggered Mason's anxiety and, while she had not yet requested testing accommodation from UAA's

---

[1] Docket 1 at 4 (Compl. at ¶¶ 15-16).

[2] Docket 1 at 4, 5 (Compl. at ¶¶ 15, 24); Docket 32-2 at 7 (Ex. A, Rebecca Mason Dep. at 55-57).

[3] Docket 1 at 5 (Compl. at ¶ 28).

[4] Docket 1 at 5-6 (Compl. at ¶¶ 27-31); Docket 32-2 at 9 (Ex. A, Rebecca Mason Dep. at 62-63).

[5] Docket 1 at 6 (Compl. at ¶ 31); Docket 32-2 at 9 (Ex. A, Rebecca Mason Dep. at 62-63).

[6] Docket 1 at 7 (Compl. at ¶¶ 38-40); Docket 32-2 at 9 (Ex. A, Rebecca Mason Dep. at 64-65).

[7] Docket 1 at 7 (Compl. at ¶¶ 39-40); Docket 32-2 at 9 (Ex. A, Rebecca Mason Dep. at 65).

Case No. 3:22-cv-00247-SLG, *Mason v. University of Alaska, et al.*
Order on Motion for Summary Judgment
Page 2 of 28

Case 3:22-cv-00247-SLG     Document 37     Filed 03/24/25     Page 2 of 28

Disability Support Services ("DSS"), she attempted to take her test in the designated semi-private testing room reserved for DSS students.[8]  She alleges that an unnamed individual told her to leave because she did not have a disability.[9]  Based on these occurrences, she alleges that she suffered a panic attack and that it negatively affected her test score.[10]  Shortly thereafter, at the start of the spring 2019 semester, Mason officially requested accommodation from DSS and was approved for a reduced-distraction testing environment, notetaking assistance, e-text formatting for academic content, and extended testing time.[11]

During the spring of 2019, after UAA's plagiarism-detection software identified an issue with a portion of a paper written by Mason, she was referred to the Dean of Student's Office for disciplinary proceedings.[12]  She was found to have violated the student code of conduct, but it was also noted that the violation was unintentional: she did not intend for that portion to be submitted in the paper's final version and it happened as part of her note-taking process for managing her disability.[13]  As a consequence, she was directed to complete an academic

---

[8] Docket 32-2 at 10-12, 15 (Ex. A, Rebecca Mason Dep. at 65-70, 86-87); Docket 1 at 8 (Compl. at ¶ 45).

[9] Docket 32-2 at 15 (Ex. A, Rebecca Mason Dep. at 86-87); Docket 1 at 8 (Compl. at ¶ 45).

[10] Docket 32-2 at 12, 14 (Ex. A, Rebecca Mason at 70, 78-79); Docket 1 at 8 (Compl. at ¶ 46).

[11] Docket 32-6 at 2 (Ex. E, DSS student intake notes).

[12] Docket 32-10 (Ex. I, Dean of Students letter 5/14/19).

[13] Docket 32-10 (Ex. I, Dean of Students letter 5/14/19).

Case No. 3:22-cv-00247-SLG, *Mason v. University of Alaska, et al.*
Order on Motion for Summary Judgment
Page 3 of 28

Case 3:22-cv-00247-SLG     Document 37     Filed 03/24/25     Page 3 of 28

integrity tutorial and write two essays.[14]  The decision was upheld on administrative appeal.[15]

The next semester, in December 2019, after transferring to UAA's Anchorage campus, Mason was issued a letter of reprimand for violating patient privacy standards.  She had shared on social media information about a surgery she had observed, and the surgery she described was unique enough to potentially identify the patient.[16]  SON administration placed Mason on academic probation and required that she complete additional privacy training and submit a paper on the topic.[17]

In December 2020, Mason experienced technical difficulties when taking the fourth exam for her Adult Nursing II course ("Exam #4").[18]  Students in the class had a window of time during which they could remotely access and complete the exam.  Mason had trouble logging in to access the exam.  She alleges that it took her six hours to access the system and by then she only had an hour and a half to complete the exam, which did not satisfy her extended-time accommodation.[19]

---

[14] Docket 32-10 (Ex. I, Dean of Students letter 5/14/19).

[15] Docket 32-12 (Ex. K, Dean of Students letter 7/1/19).

[16] Docket 32-15 (Ex. N, SON letter 1/15/20); Docket 32-2 at 17-18 (Ex. A, Rebecca Mason Dep. at 109-13).

[17] Docket 32-17 (Ex. P, SON letter 1/20/20).

[18] Docket 1 at 11-12 (Compl. at ¶¶ 71-77); Docket 32-2 at 20 (Ex. A, Rebecca Mason Dep. at 123).

[19] Docket 1 at 11 (Compl. at ¶ 72); Docket 32-2 at 22 (Ex. A, Rebecca Mason Dep. at 135).

Case No. 3:22-cv-00247-SLG, *Mason v. University of Alaska, et al.*
Order on Motion for Summary Judgment
Page 4 of 28
Case 3:22-cv-00247-SLG     Document 37     Filed 03/24/25     Page 4 of 28

She did not alert anyone to the issue at that time.[20]  She did not receive a passing grade on the exam.[21]  Ultimately, Mason's weighted average for the four exams in that class was less than 75% and therefore she did not pass the class.[22]  However, because that semester's Adult Nursing II class had been marked by multiple teaching disruptions, and Defendant Christine Michel had taken over as the instructor only at the very end of the semester, SON decided to allow all students who has not passed the class to take an additional comprehensive exam, which could raise their grade to passing; Mason chose not to take that exam.[23]  She instead informed DSS that she had not received extended time during Exam #4.[24]  Defendant Michel was not aware of Mason's testing accommodation when Mason had initially taken the test.[25]  After some discussions, Mason was allowed to retake Exam #4 with extended time in early February 2021.[26]  Her new score was not enough to raise her overall grade.[27]  However, Mason alleges the exam was

---

[20] Docket 32-2 at 22-23 (Ex. A, Rebecca Mason Dep. at 134-38).

[21] Docket 1 at 11 (Compl. at ¶ 74).

[22] Docket 1 at 11 (Compl. at ¶ 76); Docket 32-18 at 64 (Ex. Q, AAS Nursing Program Handbook at 59).

[23] Docket 32-20 at 1, 18 (Ex. S, SON program progression notes); Docket 32-2 at 21 (Ex. A, Rebecca Mason Dep. at 127-28).

[24] Docket 32-6 at 4 (Ex. E, DSS student intake notes); Docket 32-20 at 18 (Ex. S, SON program progression notes).

[25] Docket 32-19 at 2 (Ex. R, Christine Michel Dep. at 26-27).

[26] Docket 32-20 at 1, 18-19 (Ex. S, SON program progression notes).

[27] Docket 32-22 (Ex. U, Adult Nursing II transcript).

Case No. 3:22-cv-00247-SLG, *Mason v. University of Alaska, et al.*
Order on Motion for Summary Judgment
Page 5 of 28
Case 3:22-cv-00247-SLG     Document 37     Filed 03/24/25     Page 5 of 28

substantially different from the original exam with "new information and material not from the previous study guide and lectures."[28]

Mason retook Adult Nursing II in the spring semester of 2021. However, because she was now delayed in her course sequence, she had issues arise with the preparatory program nursing students use for their national licensing exam. When Mason started with SON, she and her classmates were enrolled in the "HESI" standardized testing program, but the following year that program was replaced by a different one, the "ATI" program. As a result of this change, Mason's new classmates in Adult Nursing II were using ATI, not HESI.[29] Defendant Michel was teaching the class that semester and her syllabus called for a final comprehensive exam using the ATI program, but because Mason and a few other classmates were not enrolled in ATI, they were given an alternative exam—a case-scenario exam that was written by Defendant Michel.[30] Plaintiff passed that exam with a score of 76.66%.[31] However, she failed to achieve an overall score of 75% in the class and therefore failed Adult Nursing II again.[32]

During the spring of 2021 semester, Mason also experienced problems with the clinical portion of the Adult Nursing II course. Defendant Banu Mufale was the

[28] Docket 1 at 12 (Compl. at ¶ 78); Docket 32-2 at 24 (Ex. A, Rebecca Mason Dep. at 143-44).

[29] Docket 1 at 12 (Compl. at ¶¶ 79-80).

[30] Docket 1 at 12 (Compl. at ¶¶ 81-83).

[31] Docket 32-20 at 21 (Ex. S, SON program progression notes).

[32] Docket 32-20 at 20-21 (Ex. S, SON program progression notes).

Case No. 3:22-cv-00247-SLG, *Mason v. University of Alaska, et al.*
Order on Motion for Summary Judgment
Page 6 of 28

clinical coordinator for the course. After missing clinical days due to illness, Mason was scheduled for two make-up sessions. She did not show up for those sessions. She alleges she did not show up because had been told that those sessions had been cancelled.[33] She was not allowed to schedule another make-up session before the end of the semester.[34]

Additionally, during the clinical portion of her coursework in spring semester 2021, Defendant Mufale asked Mason to sign a "learning contract" after she had been accused of lying about what she observed during one of her clinical sessions. Mason refused to do so.[35]

In May 2021, at the end of the spring 2021 semester, Mason was dismissed from SON. The basis for her dismissal was that she had failed Adult Nursing II twice.[36] Dismissal on this basis was warranted under SON's Student Handbook, which provides that the SON Director must "automatically initiate" a dismissal for, among other things, "a grade of less than C in a required . . . nursing course during

---

[33] Docket 32-2 at 25 (Ex. A, Rebecca Mason Dep. at 159). The Complaint gives the name of the person who told her the make-up sessions had been cancelled. Docket 1 at 13 (Compl. at ¶ 92). However, during her deposition, Mason testified that the person who instructed her not to attend the make-up session was someone she did not know. Docket 32-2 at 25 (Ex. A, Rebecca Mason Dep. at 159).

[34] The Complaint alleges that it was Defendant Michel who would not allow her to reschedule the missed sessions. Docket 1 at 14 (Compl. at ¶ 95).

[35] Docket 32-23 at 3 (Ex. V, Banu Mufale Dep. at 30-32); Docket 32-20 at 3, 7 (Ex. S, SON program progression notes).

[36] Docket 32-20 at 13 (Ex. S, SON program progression notes).

Case No. 3:22-cv-00247-SLG, *Mason v. University of Alaska, et al.*
Order on Motion for Summary Judgment
Page 7 of 28

a second attempt."[37]  A grade of less than C is a score under 75%.[38]  A dismissal letter was emailed and sent via certified mail to Mason, which informed her of the dismissal, the reasoning for it, and her appeal rights.[39]  The letter explained also that while Mason was no longer a student within SON, she could remain a student at UAA and the dismissal from SON would not be listed on her transcript.

Mason asserts she never saw the letter, but despite this, she did not attempt to continue her studies at UAA.[40]  She was later admitted to Alaska Pacific University's nursing program but withdrew upon learning that she would have to start from the beginning of that program, which is a bachelor's degree program, because she had not fully completed her associate's degree with SON.[41]

On November 14, 2022, Mason filed this lawsuit.  Her complaint raises eight claims against Defendants based on the various incidents described above:

1) Section 1983 claim, Fourteenth Amendment Due Process violation;
2) Americans with Disabilities Act ("ADA") violation;
3) Rehabilitation Act violation;
4) Title VI violation;
5) Title VII violation;
6) Negligent Infliction of Emotional Distress;
7) Intention Infliction of Emotional Distress; and
8) Breach of Contract.

---

[37] Docket 32-18 at 60 (Ex. Q, AAS Nursing Program Handbook at 55).

[38] Docket 32-18 at 64 (Ex. Q, AAS Nursing Program Handbook at 59).

[39] Docket 32-20 at 13-15 (Ex. S, SON program progression notes).

[40] Docket 32-2 at 26 (Ex. A, Rebecca Mason Dep. at 165).

[41] Docket 32-24 at 1 (Ex. W, APU email 5/9/22); Docket 32-2 at 6 (Ex. A, Rebecca Mason Dep. at 50-51).

Case No. 3:22-cv-00247-SLG, *Mason v. University of Alaska, et al.*
Order on Motion for Summary Judgment
Page 8 of 28

Mason seeks damages for "financial loss, damage to reputation, mental anguish, and emotional distress as well as reimbursement of all tuition and fees paid to UAA and punitive damages."[42] She also seeks an injunction that would require her transcript for the spring 2021 semester to be expunged and for "Exam #4" of Adult Nursing II to be regraded by someone other than Defendant Michel.[43] Defendants move for summary judgment on the complaint in its entirety.

## JURISDICTION

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this is a civil action with certain claims arising under federal law: 42 U.S.C. § 1983; Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; Section 504 of the Rehabilitation Act of 1963; Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d; and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. The Court may exercise supplemental jurisdiction over Plaintiff's state law emotional distress claims and breach of contract claim pursuant to 28 U.S.C. § 1367.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden of

---

[42] Docket 1 at 17, 20, 23, 25, 27, 29, 30-31 (Compl. at ¶¶ 111, 118, 125, 131, 137, 145, 153).

[43] Docket 1 at 17, 20, 23, 25, 27, 29, 30-31 (Compl. at ¶¶ 111, 118, 125, 131, 137, 145, 153).

Case No. 3:22-cv-00247-SLG, *Mason v. University of Alaska, et al.*
Order on Motion for Summary Judgment
Page 9 of 28
Case 3:22-cv-00247-SLG    Document 37    Filed 03/24/25    Page 9 of 28

showing the absence of a genuine dispute of material fact lies with the movant.[44] If the movant meets this burden, the non-moving party must demonstrate "specific facts showing that there is a genuine issue for trial."[45] The non-moving party may not rely on "mere allegations or denials";[46] rather, to reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the nonmoving party."[47] When considering a motion for summary judgment, a court views the facts in the light most favorable to the non-moving party and draws "all justifiable inferences" in the non-moving party's favor.[48]

## DISCUSSION

### Due Process Claim

Mason's first cause of action is a § 1983 claim based on due process. She alleges that Defendant Kinley violated her due process rights when she accused her of plagiarism and took disciplinary action against her. Mason also alleges that Defendant Michel violated her due process rights by taking disciplinary action against her after she posted patient information on social media.[49]

---

[44] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[45] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e) (1986)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[46] *Anderson*, 477 U.S. at 248 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)).

[47] *Id.*

[48] *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).

[49] Docket 1 at 16 (Compl. at ¶ 106). In her complaint, Mason does not rely on her dismissal from the SON program as a basis for her due process claim. As an exhibit to her opposition, however, Mason attached the transcript of the deposition of Dr. Carla Hagen, who was the

Case No. 3:22-cv-00247-SLG, *Mason v. University of Alaska, et al.*
Order on Motion for Summary Judgment
Page 10 of 28

Mason's due process claim is brought pursuant to 42 U.S.C. § 1983. The statute of limitations period for a § 1983 claim is set by "the forum state's statute of limitations for personal injury torts."[50] In Alaska, the statute of limitations for personal injury torts is two years.[51] Mason filed her complaint on November 14, 2022; therefore, her claims must be based on events that occurred on or after November 14, 2020.

None the events that form the basis of Mason's due process claim occurred within the limitations period. The disciplinary actions taken with respect to plagiarism and patient privacy occurred in 2019, well before the November 2020 cutoff date. Mason summarily argues that her claims did not accrue until the spring of 2021, presumably when she was dismissed from the SON program.[52] Although federal courts use state law to determine the statute of limitations for certain federal

---

director of the SON program at the time of Mason's dismissal. Docket 33-1 (Ex. 1). Dr. Hagen's testimony focuses on the process by which she was dismissed. Mason cannot assert a new factual basis for her due process claim for the first time in her opposition briefing. *See Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 969 (9th Cir. 2006) (affirming summary judgment to defendant where the complaint did not give fair notice of the factual basis for a claim raised for first time in opposition to summary judgment). Moreover, Mason's briefing does not actually rely on this testimony or provide an argument as to whether her dismissal provides grounds for a due process claim. *See* Docket 33 at 13-14. *See Versluys v. Weizenbaum*, Case No. 3:21-CV-01694-MO, 2023 WL 6880412, at *2 (D. Or. Oct. 18, 2023) ("A party waives an argument at the summary judgment stage if it provides no argument in support of its position or does not adequately develop the argument."), *aff'd sub nom. Versluys v. White Pine Circle LLC*, Case No. 23-3982, 2024 WL 5183201 (9th Cir. Dec. 20, 2024).

[50] *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994).

[51] Alaska Stat. § 09.10.070(a).

[52] Docket 33 at 11 ("It was not until the spring semester of 2021 that Plaintiff had a complete and present cause of action to make against the Defendants.").

Case No. 3:22-cv-00247-SLG, *Mason v. University of Alaska, et al.*
Order on Motion for Summary Judgment
Page 11 of 28

claims, federal law determines when a cause of action accrues.[53] "A federal claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action."[54] Mason knew of the disciplinary proceedings as they were occurring. Therefore, Mason's due process claim based on the 2019 disciplinary actions accrued when those actions were taken, not years later when she felt wronged in her overall treatment within the program. Mason provides no argument to support the application of a deferred accrual date or the application of a continuing violation theory.

Moreover, Mason fails to properly support her due process claim in response to Defendants' request for summary judgment.[55] While Mason's complaint bases her due process claim on the disciplinary actions undertaken in relation to the plagiarism and patient privacy incidents, her brief in opposition to summary judgment does not describe these incidents or their related disciplinary actions in the recitation of material facts; nor does it set forth an argument or cite evidence to support this claim.[56]

---

[53] *Morales v. City of Los Angeles*, 214 F.3d 1151, 1154 (9th Cir. 2000).

[54] *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012).

[55] *See Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (recognizing that the non-moving party had abandoned certain claims by not raising them in opposition to a motion for summary judgment).

[56] Mason, citing *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008), sets forth the elements needed to succeed on a procedural due process claim—a liberty or property interest, deprivation of that interest by the government, and a lack of process—but she fails to explain how these disciplinary actions deprived her of a protected property interest without sufficient process. Docket 33 at 13-14. *See Versluys*, 2023 WL 6880412, at *2 ("A party waives an

Case No. 3:22-cv-00247-SLG, *Mason v. University of Alaska, et al.*
Order on Motion for Summary Judgment
Page 12 of 28
Case 3:22-cv-00247-SLG     Document 37     Filed 03/24/25     Page 12 of 28

For the foregoing reason, Defendants are entitled to summary judgment with respect to claim 1 of Mason's complaint.

<u>ADA and Rehabilitation Act</u>

Mason's second and third causes of action allege disability discrimination against Defendants Kinley, Michel, and Mufale, as well as other unnamed UAA employees, in violation of the ADA and Rehabilitation Act. The two causes of action are based upon the same allegations,[57] and the ADA and Rehabilitation Act "provide identical remedies, procedures, and rights, and are analyzed under the same legal framework."[58] Consequently, these two causes of action are interchangeable.

The ADA and the Rehabilitation Act prohibit discrimination by public entities against qualified individuals with a disability.[59] To state a claim for disability discrimination against a public entity, the plaintiff must allege that: (1) she is an individual with a disability as defined under the Act; (2) she is "otherwise qualified" to participate in or receive the benefit of the public entity's services, programs, or activities—meaning she meets the essential eligibility requirements of the public

---

argument at the summary judgment stage if it provides no argument in support of its position or does not adequately develop the argument.").

[57] *Compare* Docket 1 at 18-20 (Compl. at ¶¶ 112-118) *with* Docket 1 at 21-23 (Compl. at ¶¶ 119-125).

[58] *Est. of Strickland v. Nevada Cnty.*, Case No. 2:21-CV-00175-MCE-AC, 2022 WL 992968, at *5 (E.D. Cal. Apr. 1, 2022) (citing *Vos v. City of Newport Beach*, 892 F.3d 1024 (9th Cir. 2018)).

[59] 42 U.S.C. §§ 12131–12132.

Case No. 3:22-cv-00247-SLG, *Mason v. University of Alaska, et al.*
Order on Motion for Summary Judgment
Page 13 of 28

entity, with or without reasonable accommodation; and (3) she was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity solely by reason of her disability.[60]  This third element requires the plaintiff to demonstrate that the exclusion or denial she suffered was because of her disability.[61]  As with Mason's due process claim, the statute of limitations is determined by the most analogous state law.[62]  Defendants assert and Mason agrees that Alaska's two-year limitation period for personal injury claims also applies to these disability discrimination claims.[63]

Mason alleges she was discriminated against when Defendant Kinley, her professor during the spring semester of 2018, refused to let her drop the class she was taking and restart the program.  Mason alleges Kinley refused Mason's request even though Mason had told her that she was struggling with the material and suffering seizures because of the stress.[64]  That allegation of discrimination

---

[60] *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir. 1999).

[61] *Weinreich v. L.A. Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978-79 (9th Cir. 1997).

[62] *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 n.2 (9th Cir. 2002) (noting that for ADA claims, courts apply the statute of limitations for the most analogous state law and that the parties agreed that the limitation for personal injury actions was the most analogous); *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 823 n.11 (9th Cir. 2001) (noting that for Rehabilitation Act claims, courts apply the statute of limitations for the most analogous state law, which the parties agreed was personal injury).

[63] Docket 32 at 18; Docket 33 at 11.

[64] Docket 1 at 5-6, 19 (Compl. at ¶¶ 29-36, 117(a)).

Case No. 3:22-cv-00247-SLG, *Mason v. University of Alaska, et al.*
Order on Motion for Summary Judgment
Page 14 of 28

Case 3:22-cv-00247-SLG     Document 37     Filed 03/24/25     Page 14 of 28

occurred in the fall of 2018, long before the November 14, 2020 cutoff date. Similarly, Mason's allegation that she had not been timely notified about a mandatory student orientation in August of 2020, which then caused her anxiety and physical stress and thus negatively affected her participation in the program, occurred before the November 14, 2020 cutoff date.[65] Regardless of any timeliness issues, these two incidents are not mentioned in Mason's response briefing. Again, the failure to assert an argument in support of a claim after the opposing party files for summary judgment renders that claim waived.[66]

Mason also alleges she was discriminated against when a UAA test proctor denied her access to a semi-private testing room in the fall of 2018.[67] At that time, as discussed above, she had not met with DSS and had not yet been approved for testing accommodations. There is no evidence presented that anyone within the SON program had knowledge of her disability at this time. Mason has not presented any evidence that the named defendants denied her testing access; nor did discovery in this litigation identify the person or circumstances involved. Regardless of the lack of evidence in support, this incident occurred almost four years before the claim was asserted in court and is thus barred by the statute of

---

[65] Docket 1 at 10, 19 (Compl. at ¶¶ 65-66, 117(c)).

[66] *See Jenkins*, 398 F.3d at 1095 n.4 (recognizing that the non-moving party had abandoned certain claims by not raising them in opposition to a motion for summary judgment).

[67] Docket 1 at 19 (Compl. at ¶ 117(b)).

Case No. 3:22-cv-00247-SLG, *Mason v. University of Alaska, et al.*
Order on Motion for Summary Judgment
Page 15 of 28

Case 3:22-cv-00247-SLG    Document 37    Filed 03/24/25    Page 15 of 28

limitations.

Mason also alleges in her complaint that she experienced discrimination based on her disability when Defendant Mufale and Defendant Michel took administrative actions against her—presenting her with a learning contract and refusing to allow her make-up sessions for missed clinical days, respectively—right before finals in the spring of 2021, which increased her anxiety and negatively affected her ability to finish the semester.[68] While these incidents fall within the statute of limitations period, Mason again fails to support these claims in her opposition to summary judgment. She does not present an argument as to how these incidents constitute violations of the ADA/Rehabilitation Act.[69] Moreover, she provides no evidence that could support a finding that these actions were taken because of her disability as opposed to standard administrative decisions made after Mason's performance issues and missed clinicals.

The final ground for Mason's ADA/Rehabilitation Act claims stems from the testing incident that occurred in December 2020, within the statute of limitations period and after Mason had obtained an extra-time accommodation from DSS. As described above, the incident involved Exam #4 for Mason's Adult Nursing II

---

[68] Docket 1 at 20 (Compl. at ¶ 117(e), (f)).

[69] *Jenkins*, 398 F.3d at 1095 n.4 (recognizing that the non-moving party had abandoned certain claims by not raising them in opposition to a motion for summary judgment); *Versluys*, 2023 WL 6880412, at *2 ("A party waives an argument at the summary judgment stage if it provides no argument in support of its position or does not adequately develop the argument.").

Case No. 3:22-cv-00247-SLG, *Mason v. University of Alaska, et al.*
Order on Motion for Summary Judgment
Page 16 of 28
Case 3:22-cv-00247-SLG     Document 37     Filed 03/24/25     Page 16 of 28

class.[70]  Mason alleges that Defendant Michel failed to provide her with extended time in which to take the exam.  The undisputed evidence shows that Defendant Michel was brought in to teach at the end of the semester and to administer Exam #4.[71]  The exam was to be taken remotely.  There was a window of time in which students could access the exam.[72]  Mason had difficulty logging into the system to take Exam #4.  It took her 6 hours to access the system, after which she only had 1 ½ hours to complete the exam.[73]  She admits that if she had not had technical difficulties, she would have had the necessary extended time.  There is no evidence that Mason contemporaneously reported the technical difficulties to Defendant Michel or anyone within the SON program so the reduced time could have been remedied.[74]  Given this evidence, there is no basis from which a jury could reasonably conclude that Defendant Michel denied Mason participation in the Adult Nursing II course and its Exam #4 solely by reason of her disability.  To the contrary, Mason had been given sufficient time for the exam to accommodate

---

[70] There is some discrepancy between Mason's Complaint and her briefing as to whether she is alleging discrimination with respect to Exam #4 or the comprehensive exam.  The Complaint refers to Exam #4.  Docket 1 at 11 (Compl. at ¶ 71). Her briefing refers to the comprehensive exam. Docket 33 at 8, ¶ 21.  However, Mason's deposition testimony clarifies any confusion by affirming that the timing issue occurred in relation to Exam #4. Docket 32-2 at 20-21 (Ex. A, Rebecca Mason Dep. at 125-29).

[71] Docket 32-19 at 2 (Ex. R, Christine Michel Dep. at 26-27).

[72] Docket 32-2 at 22 (Ex. A, Rebecca Mason Dep. at 134-35).

[73] Docket 32-2 at 22 (Ex. A, Rebecca Mason Dep. at 135).

[74] Docket 32-2 at 22 (Ex. A, Rebecca Mason Dep. at 134) (stating she did not recall telling Michel during or upon completion of the test that she had technical difficulties and therefore did not receive her timing accommodation).

Case No. 3:22-cv-00247-SLG, *Mason v. University of Alaska, et al.*
Order on Motion for Summary Judgment
Page 17 of 28

Case 3:22-cv-00247-SLG     Document 37     Filed 03/24/25     Page 17 of 28

her disability, but an unreported technical difficulty shortened that time.

Moreover, Mason was, ultimately, allowed to retake Exam #4 with extra time once Mason later informed SON and Defendant Michel of the timing issue. In early January 2021, after she had failed Adult Nursing II based on her cumulative testing grades, she informed Michel and others that she had not had enough time to complete Exam #4.[75] Mason, along with any other student who failed Adult Nursing II that semester, were offered a chance to raise their grade by taking a comprehensive exam. Mason declined to take that test and requested to retake Exam #4 instead.[76] Her request was granted, and Defendant Michel prepared a new Exam #4.[77] Mason took that test with the required time accommodation, but it was not enough to raise her cumulative test score above a passing grade.[78] Mason was then allowed to retake Adult Nursing II the next semester at no cost to her.[79] Thus, Mason was not ultimately denied access to Exam #4 or any other aspect of the Adult Nursing II class due to a failure to accommodate her disability.

Mason alleges that the Exam #4 retest contained "new information and

---

[75] Docket 32-6 at 4-6 (Ex. E, DSS case notes); Docket 32-2 at 22 (Ex. A, Rebecca Mason Dep. at 136-37).

[76] Docket 32-20 at 1 (Ex. S, SON program progression notes).

[77] Docket 32-20 at 1 (Ex. S, SON program progression notes).

[78] Docket 32-22 at 1 (Ex. U, Adult Nursing II transcript).

[79] Docket 32-20 at 16 (Ex. S, SON program progression notes).

Case No. 3:22-cv-00247-SLG, *Mason v. University of Alaska, et al.*
Order on Motion for Summary Judgment
Page 18 of 28

Case 3:22-cv-00247-SLG     Document 37     Filed 03/24/25     Page 18 of 28

material" that was not covered in class.[80] She alleges that because it contained new content it was more difficult to pass than the initial test. While not identified as a distinct basis for her ADA claim, she essentially argues that the remedy provided to her—a retake of Exam #4 with extended time—was another violation of the ADA in that she was singled out for a more difficult test because of her need for extra time. The evidence in the record shows that the retake for Exam #4 could not be the same as the initial exam because she had already seen the initial exam's questions.[81] As a result, Michel had to prepare new questions for the exam. Mason summarily states that the retest questions were unfair to her because some of them addressed new material that had not been covered in the course, but she provides no evidence to support this assertion. There are no details provided as to the content of the two exams. For example, Mason did not obtain and file copies of the exams; there is no syllabus, lecture notes, or study guides to show what was supposed to be on the test; there is no testimony from Mason or Michel about the topics included on the exams versus what was taught in the course. "[C]onclusory allegations, unsupported by facts, are insufficient to survive a motion for summary judgment."[82]

---

[80] Docket 1 at 12 (Compl. at ¶ 78).

[81] Docket 32-20 at 18 (Ex. S, SON program progression notes).

[82] *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1116 (9th Cir. 2003) (rejecting a plaintiff's declaration summarily stating when the events at issue occurred as insufficient to demonstrate that those events occurred within the limitations period); *see Fernandez v. FedEx Corp. Servs., Inc.*, Case No. CV 20-00031 HG-RT, 2021 WL 4305259, at *5 (D. Haw. Sept. 3, 2021) ("When the non-moving party relies only on its own affidavits to oppose summary judgment, it cannot

Case No. 3:22-cv-00247-SLG, *Mason v. University of Alaska, et al.*
Order on Motion for Summary Judgment
Page 19 of 28

For the foregoing reasons, Defendants are entitled to summary judgment on claims 2 and 3, the ADA/Rehabilitation claims.

Discrimination under Title VI and Title VII

Mason asserts that Defendant Kinley discriminated against her based on her Mormon religion in violation of Title VII, 42 U.S.C. § 2000e-2.[83] In order to bring a claim under Title VII, there must be some connection to employment.[84] Mason has not and cannot assert that her allegations have any connection to employment. Indeed, Mason concedes that "throughout the discovery process it has come to light that [she] was not employed through Defendant[s] and [her] Title VII claim should be dismissed."[85] Therefore, Defendants are entitled to summary judgment on claim 5, the Title VII claim.

Mason also asserts a claim for race-based discrimination in violation of Title VI, 42 U.S.C. § 2000d, based on actions taken by Defendant Michel in the spring semester of 2021. Specifically, she asserts that Defendant Michel presented Mason with an alternative comprehensive exam, which was formatted as a case scenario and graded subjectively.[86] She alleges that Defendant Michel failed

---

rely on conclusory allegations unsupported by factual data to create an issue of material fact." (citing *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993))).

[83] Docket 1 at 26-28 (Compl. at ¶¶ 132-37).

[84] *Anderson v. Pac. Mar. Ass'n*, 336 F.3d 924, 930 (9th Cir. 2003).

[85] Docket 33 at 17.

[86] Docket 1 at 12, 25 (Compl. at ¶¶ 83, 130(a)).

Case No. 3:22-cv-00247-SLG, *Mason v. University of Alaska, et al.*
Order on Motion for Summary Judgment
Page 20 of 28

Case 3:22-cv-00247-SLG    Document 37    Filed 03/24/25    Page 20 of 28

Mason based on her race and further alleges Defendant Michel "failed almost all students of ethnic minorities in this class."[87] She also alleges that Defendant Michel did not let her complete her make-up clinical sessions for race-based reasons.[88]

Title VI prohibits discrimination based on race, color, or national origin. A private individual may assert a Title VI claim only in instances of intentional discrimination.[89] To establish intentional discrimination, plaintiffs "must show that actions of the defendants had a discriminatory impact, and that defendants acted with an intent or purpose to discriminate based upon plaintiffs' membership in a protected class."[90]

Mason has presented no evidence from which a jury could find that Defendant Michel's conduct at any time was racially motivated or otherwise constituted intentional race-based discrimination. Again, Mason's speculation that discrimination occurred, without any facts or supporting evidence, is insufficient to create a genuine issue of material fact.[91]

---

[87] Docket 1 at 13, 25 (Compl. at ¶¶ 85, 130(a)). She states in her deposition that she was singled out for a different test in least one other of Defendant Michel's exams and that this was done to fail her. Docket 32-2 at 26-27 (Ex. A, Rebecca Mason Dep. at 163-64, 182-83).

[88] Docket 1 at 14, 25 (Compl. at ¶¶ 95, 130(b)).

[89] *Schmitt v. Kaiser Found. Health Plan of Wash.*, 965 F.3d 945, 953–54 (9th Cir. 2020) (citing *Alexander v. Sandoval*, 532 U.S. 275, 279–80 (2001)).

[90] *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702–03 (9th Cir. 2009).

[91] *British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 953–54 (9th Cir.1978) (noting that

Case No. 3:22-cv-00247-SLG, *Mason v. University of Alaska, et al.*
Order on Motion for Summary Judgment
Page 21 of 28

Indeed, Mason does not mention Defendant Michel's alleged racial discrimination in the section of her response brief that addresses her Title VI claim.[92] Instead, she argues that Defendant Kinley's comments about Mason's Mormon religion allegedly made in December 2018 establish a Title VI violation. She argues that "[a]s a result of Professor Kinley's hatred toward the Mormon faith she failed to provide [Mason] with an equal education,"[93] and then she cites cases involving claims that allege an educational institution's deliberate indifference in addressing sexual harassment under Title IX[94] or pervasive racial hostility under Title VI.[95] Apart from the fact that Title VI does not address discrimination based on religion,[96] any claim based on an incident from 2018 is outside the applicable

---

supposition, speculation, and conclusory arguments without evidence are insufficient to create a genuine issue of material fact); *see Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001) ("A plaintiff's belief that a defendant acted from an unlawful motive, without evidence supporting that belief, is no more than speculation or unfounded accusation about whether the defendant really did act from an unlawful motive. To be cognizable on summary judgment, evidence must be competent.").

[92] She reasserts in the briefing that she was discriminated against because of her race. Docket 33 at 17. However, there is no discussion about the allegations against Defendant Michel or her experience during the Adult Nursing II course in the spring of 2021, let along any evidence in support of her claim for racial discrimination. *Versluys*, 2023 WL 6880412, at *2 ("A party waives an argument at the summary judgment stage if it provides no argument in support of its position or does not adequately develop the argument.").

[93] Docket 33 at 18.

[94] *Oden v. N. Marianas Coll.*, 440 F.3d 1085 (9th Cir. 2006); *Gabrielle M. v. Park Forest-Chicago Heights, Ill. Sch. Dist. 163*, 315 F.3d 817 (7th Cir. 2003).

[95] *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398 (5th Cir. 2015).

[96] 42 U.S.C. § 2000d; *see N.Y. v. San Ramon Valley Unified Sch. Dist.*, Case No. 17-CV-03906-MMC, 2018 WL 2463243, at *6 (N.D. Cal. June 1, 2018).

Case No. 3:22-cv-00247-SLG, *Mason v. University of Alaska, et al.*
Order on Motion for Summary Judgment
Page 22 of 28

Case 3:22-cv-00247-SLG     Document 37     Filed 03/24/25     Page 22 of 28

two-year statute of limitations.[97]  Moreover, assuming Mason is attempting to improperly add to her Title VI claim by including an allegation of deliberate indifference by UAA itself,[98] there is no evidence of pervasive discrimination against Mason due to her Mormon religion or otherwise that could support such a claim.[99]  Therefore, Defendants are entitled to summary judgment on claim 4, the Title VI claim.

Breach of Contract

Claim 8 of the complaint alleges a breach of contract claim against UAA "as far as the individual Defendants acted within the scope of their employment" and against the individual defendants "as far as [they] acted outside the scope of their employment."[100]  Mason alleges that she "entered into a contract by which Defendant UAA offered admission to [her] on specified terms" and that "[t]here was a mutual exchange of consideration for which [Mason] attended UAA involving payments and expenditure of time as well as UAA making its services including

---

[97] *Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 951 (9th Cir. 2022) ("The statute of limitations for federal civil rights claims under . . .[§] 2000(d) is governed by the forum state's statute of limitations for personal injury actions." (internal quotation marks and citation omitted)).

[98] *See Pickern*, 457 F.3d at 969 (affirming summary judgment to defendant where the complaint did not give fair notice of the factual basis for a claim raised for first time in opposition to summary judgment).

[99] *Cf. Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1105 (9th Cir. 2020) (noting that there are five elements a plaintiff must demonstrate to establish a deliberate indifference claim against an educational institution under Title IX, including discrimination that is sufficiently severe, pervasive, and objectively offensive to deprive the plaintiff of access to the educational opportunities or benefits provided by the school).

[100] Docket 1 at 32 (Compl. at ¶ 155).

Case No. 3:22-cv-00247-SLG, *Mason v. University of Alaska, et al.*
Order on Motion for Summary Judgment
Page 23 of 28

Case 3:22-cv-00247-SLG     Document 37     Filed 03/24/25     Page 23 of 28

educational opportunities available to [her]."[101]  She alleges the specific terms of the contract are contained in "the student handbook," which includes "regulations concerning disability accommodations and instances of discrimination."[102]

Mason has not shown that a contract existed here.  A valid contract between parties is formed through "an offer encompassing all essential terms, unequivocal acceptance by the offeree, consideration, and an intent to be bound."[103]  Mason relies on the "policies set forth by UAA in the student handbook" as providing the essential terms to which UAA agreed to be bound, but the student handbook explicitly states that the school retains the right to make unilateral changes to its contents.[104]  Therefore, UAA did not intend to be bound by any of the policies and procedures set forth therein.[105]  There is simply no enforceable contract between Mason and UAA based on the student handbook and thus no valid claim based on a breach of contract.  Therefore, Defendants are entitled to summary judgment on

---

[101] Docket 1 at 32 (Compl. at ¶¶ 157-59).

[102] Docket 1 at 32 (Compl. at ¶ 160).

[103] *Sea Hawk Seafoods, Inc. v. City of Valdez*, 282 P.3d 359, 364 (Alaska 2012) (quoting *Davis v. Dykman*, 938 P.2d 1002, 1006 (Alaska 1997)).

[104] Docket 1 at 32 (Compl. at ¶ 160); Docket 32-18 at 2 (Ex. Q, AAS Nursing Program Student Handbook at I) ("Updates to the 2018-2019 Student Handbook may periodically be made and will take precedence.").

[105] *See Doe v. Or. State Univ.*, 614 F. Supp. 3d 847, 861 (D. Or. 2022) (finding that the university's code on sexual misconduct and discrimination did not constitute a contract between the plaintiff and the university because the university could modify the code at any time and therefore "[b]y maintaining unilateral contract over the terms of the [c]ode, [the university] clearly never manifested assent to be bound by it").

Case No. 3:22-cv-00247-SLG, *Mason v. University of Alaska, et al.*
Order on Motion for Summary Judgment
Page 24 of 28

Case 3:22-cv-00247-SLG     Document 37     Filed 03/24/25     Page 24 of 28

claim 8.

Emotional Distress Claims

Lastly, Mason's complaint includes claims against Defendants for Negligent Infliction of Emotional Distress ("NIED") and Intentional Infliction of Emotional Distress ("IIED") based on the various incidents throughout her time in the SON program.  Under Alaska law governing NIED, a plaintiff can only recover damages for emotional distress caused by a defendant's negligent conduct in "limited circumstances."[106]  Generally, relief is not available to a plaintiff who did not also suffer physical injury from the negligence unless the plaintiff was a bystander or the defendant had some preexisting duty to the plaintiff.[107]  This preexisting duty exception is applied narrowly—generally only to parties having a contractual or fiduciary relationship.[108]

Mason has not alleged nor shown that UAA had any preexisting duty to her

---

[106] *Watkinson v. Dep't of Corrs.*, 540 P. 3d 254, 272 (Alaska 2023).

[107] *Id.*

[108] *Id.*  The Alaska Supreme Court has acknowledged the possibility that an exceptional duty of care may arise in limited circumstances that can give way to NIED liability based on a seven-factor test.  *See id.* (citing *D.S.W. v. Fairbanks N. Star Borough Sch. Dist.*, 628 P.2d 554, 555-56 (Alaska 1981)).  However, that Court has emphasized the "narrowness" of this exception and its "reluctance to open up broad and potentially expansive categories of new litigants . . . ." *Id.* at 272-74 (citing *Schack v. Schack*, 414 P.3d 639, 645-46 (Alaska 2018).  Mason does not ask the court to find an exceptional duty based on the seven-factor test, and the Court finds that the case law does not support its application here.  *See id.* at 274 (describing cases declining to impose an exceptional duty of care based on the concern that it would "open floodgates of litigation and divert important executive resources" and create "an unwieldy and overly broad group of potential plaintiffs").

Case No. 3:22-cv-00247-SLG, *Mason v. University of Alaska, et al.*
Order on Motion for Summary Judgment
Page 25 of 28

that would permit a claim for negligent emotional distress damages. As noted above, there is no contractual relationship between the parties, and Mason provides no argument to support a finding that the relationship between a student and professor is of a fiduciary nature. "In Alaska a fiduciary relationship 'exists when one imposes a special confidence in another, so that the latter, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one imposing the confidence.'"[109] The relationship between physician and patient has been described as a fiduciary one, as has the one between the Office of Children's Services and the children in its custody.[110] However, the relationship between a jailor and a prisoner is not a fiduciary relationship, because it "does not arise from the special confidence required" of such a relationship.[111] Similarly, the relationship between a student and her professor is not one involving a special confidence that would warrant the imposition of a fiduciary duty on the professor.

Additionally, even if there were the requisite preexisting duty at issue here, Mason would also have to establish that she suffered foreseeable emotional distress resulting from a breach of that duty that is severe or serious.[112] Indeed,

---

[109] *Id.* at 273 (quoting *Williams v. Baker*, 446 P.3d 336, 340 (Alaska 2019)).

[110] *Dapo v. Alaska Dep't of Health & Soc. Servs.*, 454 P.3d 171, 179-80 (Alaska 2019) (holding Office of Children's Services has fiduciary duty to children in its custody); *Thomas v. Archer,* 384 P.3d 791, 797 (Alaska 2016) (describing physician's fiduciary duty to patients).

[111] *Watkinson*, 540 P.3d at 273.

[112] *Chizmar v. Mackie*, 896 P.2d 196, 204 (Alaska 1995).

Case No. 3:22-cv-00247-SLG, *Mason v. University of Alaska, et al.*
Order on Motion for Summary Judgment
Page 26 of 28

while the severity of a plaintiff's alleged emotional distress is generally an issue of fact, Mason has presented no evidence of any kind from which a jury could find severe or serious emotional distress. She simply states in her briefing that she "has suffered panic attacks, anxiety and depression" and that these conditions are necessarily severe.[113] She does not provide any supporting medical or mental health records; she does not include affidavits or declarations in support of her condition; and she fails to cite to or include additional deposition testimony describing the extent of her distress. Mason's claim for the negligent infliction of emotional distress cannot survive summary judgment on unsupported allegations alone.

For similar reasons, Mason's claim for IIED must also be dismissed on summary judgment. There is simply no evidence from which a jury could find that Defendants engaged in the type of extreme and outrageous conduct needed to support such a claim.[114] Also, as noted above, Mason fails to provide any evidence of severe emotional distress.

For the foregoing reasons, Defendants are entitled to summary judgment on claims 6 and 7, the emotional distress claims.

---

[113] Docket 33 at 19.

[114] *Watkinson*, 540 P.3d at 267 (describing extreme and outrageous conduct as conduct that goes "beyond all possible bounds of decency," "atrocious," and "utterly intolerable in a civilized community").

Case No. 3:22-cv-00247-SLG, *Mason v. University of Alaska, et al.*
Order on Motion for Summary Judgment
Page 27 of 28

**CONCLUSION**

Based on the foregoing discussion, Defendants' Motion for Summary Judgment at Docket 32 is GRANTED. The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 24th day of March, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00247-SLG, *Mason v. University of Alaska, et al.*
Order on Motion for Summary Judgment
Page 28 of 28

Case 3:22-cv-00247-SLG     Document 37     Filed 03/24/25     Page 28 of 28