Kristin E. Crabb, Esq.
Pamela D. Weiss, Esq.
Guess & Rudd P.C.
1029 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501
(907) 793-2200 Telephone
(907) 793-2299 Facsimile
E-mail:  kcrabb@guessrudd.com
E-mail:  pweiss@guessrudd.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REBECCA MASON,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>UNIVERSITY OF ALASKA-  )<br>ANCHORAGE through the Board of  )<br>Regents; et al.,  )<br>)<br>Defendants.  )<br>_____) | Case No. 3:22-cv-00247-SLG |

### DEFENDANTS' MOTION FOR ATTORNEY'S FEES

Defendants University of Alaska-Anchorage, Dorothy Kinley, Christine Michel, and Banu Mufale (collectively "UAA Defendants"), by and through their attorneys, Guess & Rudd P.C., hereby submit this motion for recovery of attorney's fees pursuant to Civil Rule 54(d).

On November 14, 2022, Ms. Mason filed her Complaint, asserting both federal civil rights claims and state law claims.  *See* (Dkt. 1).  The federal law claims included

UAA Defendants' Motion for Attorney's Fees pursuant to FRCP 54
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 1 of 9

Case 3:22-cv-00247-SLG     Document 39     Filed 04/07/25     Page 1 of 9

allegations of violations of Due Process, the Americans with Disability Act ("ADA") and the Rehabilitation Act, and Title VI and VII of the Civil Rights Act. (Dkt. 1 at 2, 15-28) The Complaint also contained three state law claims: negligent infliction of emotional distress ("NIED"), intentional infliction of emotional distress ("IIED"), and breach of contract. (Dkt. 1 at 3, 28-33)

Following discovery, which included exchanges of discovery request and responses, along with depositions, UAA Defendants moved for summary judgment. (Dkt. 32) Following briefing on the motion, the Court granted UAA Defendants' motion in its entirety. *See* (Dkt. 37).

## APPLICABLE STANDARD

The general rule that in the absence of a statute or other authority, litigants must pay their own fees.[1] However, a prevailing party in federal civil rights cases, including those brought under §1983, the ADA and Rehabilitation Act, and Titles VI and VII of the Civil Rights Act, may be awarded "reasonable attorney's fees."[2]

Where the defendant is the prevailing party in such claims, their right to recover fees is limited to suits where the court finds "the plaintiff's action was frivolous, unreasonable, or without foundation."[3] In such cases, the court may in its discretion award fees for those claims that are meritless – or "groundless or without foundation."[4]

---

[1] *Alyeska Pipeline Co. v Wilderness Society*, 421 U.S. 240 (1975).

[2] *Fox v. Vice*, 563 U.S. 826, 829 (2011).

[3] *Christianburg Garment Co. v. EEOC*, 434 US 412, 421 (1978).

[4] *Id.*

UAA Defendants' Motion for Attorney's Fees pursuant to FRCP 54
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 2 of 9
Case 3:22-cv-00247-SLG    Document 39    Filed 04/07/25    Page 2 of 9

The purposes of such an award is to "protect defendants from burdensome litigation having no factual or legal basis."[5]

Where the federal court has exercised supplemental jurisdiction over state law claims, a prevailing party on those claims may recover attorney's fees pursuant to state law.[6]

## ARGUMENT

### I. UAA Defendants Should Be Awarded Their Reasonable Attorney's Fees for Defending against Plaintiff's Federal Claims.

Each of the federal claims brought by Ms. Mason against UAA Defendants were frivolous, unreasonable and/or without foundation. Accordingly, UAA Defendants should be awarded fees they incurred in defending against these claims.

The request for fees is not based on the fact that plaintiff lost her case on summary judgment. Rather, this motion is based on the fact that her federal claims were, at all times, including as alleged in the Complaint, unreasonable and without foundation. She was aware at the time of filing her Complaint that the majority of the conduct on which she based her claims fell outside the statute of limitations. Further, at the time of filing her suit Ms. Mason had no facts supporting her claims. And then she did nothing to further investigate or develop the theories she claimed to have. Indeed, in briefing on summary judgment she failed to present evidence or even legal arguments that could

---

[5] *See id.* at 420.

[6] *Chicken Ranch Rancheria of Me-Wuk Indians v. California*, 65 F.4th 1145, 1149 (9th Cir. 2023) (citations omitted).

UAA Defendants' Motion for Attorney's Fees pursuant to FRCP 54
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 3 of 9
Case 3:22-cv-00247-SLG    Document 39    Filed 04/07/25    Page 3 of 9

support her claims. Because she brought and maintained meritless claims against UAA Defendants, UAA Defendants should be awarded the attorney's fees they incurred defending against these claims.

### A. The Due Process Claim.

Ms. Mason filed her complaint on November 14, 2022. (Dkt. 1) At that time, she knew she was required to assert claims that had arisen on or after November 14, 2020. Nevertheless, in her complaint she described *only* events that took place long before November 14, 2020. (Dkt. 1 at 16) (¶ 106 outlining events that took place in 2019). Thus, even at the time of the filing of the complaint, Ms. Mason should have known her claim was time barred.

In its Order, the Court explained that none of the events giving rise to Ms. Mason's due process claim occurred within the limitations period. (Dkt. 37 at 11-12) Since Ms. Mason never attempted to identify or assert any additional bases for her due process claim, at all times her due process claim was unreasonable and without foundation.

In fact, even barring the statute of limitations issues, the Court noted that Ms. Mason did not provide any basis at all for her due process claim. (Dkt. 37 at 12) Courts recognize that "[c]ases in which plaintiffs at the summary judgment stage fail to introduce any evidence supporting their claims, are … candidates for finding of frivolity or lack of foundation for purposes of awarding attorney's fees."[7] Ms. Mason's failure to

---

[7] *Santiago-Perez v. State Ins. Fund Corp.*, 534 F.Supp.2d 242, 244 (D. P.R. 2008).

UAA Defendants' Motion for Attorney's Fees pursuant to FRCP 54
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 4 of 9
Case 3:22-cv-00247-SLG    Document 39    Filed 04/07/25    Page 4 of 9

provide any factual or legal basis for her claim at any time warrants an award of attorney's fees.

B.  **The ADA/ Rehabilitation Act Claims.**

Likewise, Ms. Mason's ADA and Rehabilitation Act claims were "meritless" such that UAA Defendants should be awarded reasonable fees incurred in defense of this claim.[8] Again, Ms. Mason's Complaint contains a number of allegations purporting to constitute her ADA and Rehabilitation Act claims, some of which clearly transpired outside the statute of limitations period. Complaint (Dkt. 1) at 19 (¶ 117a) & 22 (¶ 124).

Moreover, for those events that were not clearly outside the statute of limitations, Ms. Mason did not allege events that gave rise to an ADA claim or explain how the facts constitute a violation of the ADA/ Rehabilitation Act. (Dkt. 37 at 16, 18) Because her claims were insufficient as a matter of law or were based solely on conclusory allegations unsupported by facts (Dk. 37 at 18-19), attorney's fees should be awarded.

C.  **Civil Rights Act Claims.**

Finally, Ms. Mason asserted two separate civil rights claims, at least one of which is clearly frivolous.

Ms. Mason's fourth count asserted discrimination under Title VII. (Dkt. 1 at 24) But a claim under Title VII requires a connection to employment. (Dkt. 37 at 20) At no time, including at the time the Complaint was filed, was there any basis set forth

---

[8] Although these were listed as separate claims, the allegations contained in the Complaint were identical for the ADA and the Rehabilitation Act. (Dkt. 1) at 18-24.

UAA Defendants' Motion for Attorney's Fees pursuant to FRCP 54
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 5 of 9

demonstrating an employment relationship between Ms. Mason and UAA Defendants; the Complaint did not assert or allege such a connection. In fact, in response to UAA Defendant's motion for summary judgment, Ms. Mason *conceded* that there was no connection to employment and, thus, the claim should be dismissed. (Dkt. 33 at 17)

The claim of race-based discrimination under 42 USC § 2000d was also without foundation. The sole basis alleged in the Complaint was well outside the statute of limitations. (Dkt. 1 at 26) Moreover, at the summary judgment stage Ms. Mason did not develop or identify any facts that could support a claim at all, regardless of timing. Indeed, she did not introduce *any* evidence in opposition to the motion for summary judgment. *See* Order (Dkt. 37 at 20-23). Accordingly, this is sufficient grounds for awarding fees.[9]

## II. UAA Defendants Are Entitled to Recover Fees Related to Successfully Defending the State Law Claims.

In addition to the recovery of fees in connection with the successful summary judgment motion for the federal claims - or even if the Court disagrees that such fees are warranted - UAA Defendants are entitled to recover attorney's fees as a prevailing party on the state law claims in accordance with Alaska Rule of Civil Procedure 82.

Alaska Rules of Civil Procedure provides: "In cases in which the prevailing party recovers no money judgment, the court … _shall_ award the prevailing party in a case resolved without trial 20 percent of its actual attorney's fees which were necessarily

---

[9] *Santiago-Perez*, 534 F.Supp.2d at 244.

UAA Defendants' Motion for Attorney's Fees pursuant to FRCP 54
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 6 of 9

Case 3:22-cv-00247-SLG    Document 39    Filed 04/07/25    Page 6 of 9

incurred." (Emphasis added). Accordingly, at a minimum, UAA Defendants should receive an award of 20% of its costs associated with defending against the unsuccessful claims of NIED, IIED, and breach of contract.

### III. Allocation of Fees Between Federal and State Law Claims.

The fees incurred in this matter relate to work on both the federal law and state law claims. "In cases involving both state and federal claims where the prevailing party cannot or does not delineate the attorney fees incurred in defending each type of claim, "the customary approach ... is to attribute fifty percent of any joint or undifferentiated fee work to the state law claims and fifty percent to the federal claims."[10] Here, it is quite difficult, or even impossible, to divide the fees in defense of this case between work relating to the federal claims and work pertaining to the state law claims[11]. Indeed, discovery requests, discovery responses, depositions and motion practice dealt with both federal and state law claims. *See* Fee Report, attached as Exhibit A to Affidavit of counsel. In light of this, the customary approach –allocating 50% of the fees to federal claims and 50% to the state law claims – makes the most sense.

The court should first determine the "reasonable amount fees." The Ninth Circuit has adopted the "lodestar" method to for calculating attorney fees. That calculation

---

[10] *Bowers v. Denali State Bank*, No. 4:21-cv-00007-SLG, 2022 WL 343815, at *1 (D. Alaska Feb. 4, 2022) (citing *Mahoney v. Barlow* , 452 Fed. App'x 724, 726 (9th Cir. 2011); *Estate of Tasi ex rel Taualo-Tasi v. Municipality of Anchorage*, No. 3:13-cv-00234-SLG, 2017 WL 6025339, at *2 (D. Alaska Mar. 20, 2017); and *Dietzmann v. City of Homer*, No. 09-00019-RJB, 2013 WL 11309599, at *3 (D. Alaska June 11, 2013)).

[11] *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996) (quoting *Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 908 (9th Cir. 1995)).

UAA Defendants' Motion for Attorney's Fees pursuant to FRCP 54
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 7 of 9
Case 3:22-cv-00247-SLG    Document 39    Filed 04/07/25    Page 7 of 9

multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation.[12] A "strong presumption" exists that the lodestar amount represents a "reasonable fee."[13] When determining a reasonable hourly rate, the court considers the "experience, skill and reputation of the attorney requesting fees," as well as "the prevailing market rates in the relevant community"[14] in which the district court sits.[15]

The hourly rate charged to UAA Defendants in this case is $300/hr. This rate is reasonable in light of the prevailing rate in the community and the experience of the attorneys working on this case, which includes more than 20 years' experience representing individuals, businesses, and government agencies in civil litigation. Moreover, in 2023, this court found that an attorney's rate of $300/hr. was reasonable.[16] Thus, the lodestar amount should be calculated using the $300/hr rate.

As evidenced by the Fee Report, counsel spent at least 221.4 hours defending UAA Defendants in this matter. Applying the lodestar calculation, the total amount of attorney's fees incurred were $67,215.00. *See* Affidavit at ¶ 5; Fee Report, attached as Exh. A to Affidavit. Fifty percent of this amount - or $33,607.50 - should be allocated to defense of the federal claims and the other fifty percent should be allocated to the state

---

[12] *Fisher v. SJB-P.D. Inc*., 214 F.3d 1115, 1119 (9th Cir 2000) (citation omitted).

[13] *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 US 546, 565 (1986) (internal quotations omitted).

[14] *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

[15] *Camacho v. Bridgeport Fin., Inc*., 523 F.3d 973, 979 (9th Cir. 2008).

[16] *Moreno v. NewRez, LL*C, 2023 WL 4851091 * 1 (D. Alaska 2023).

UAA Defendants' Motion for Attorney's Fees pursuant to FRCP 54
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 8 of 9
Case 3:22-cv-00247-SLG    Document 39    Filed 04/07/25    Page 8 of 9

law claims. Thus, the court should award UAA Defendants $33,607.50 for its defense against the federal claims and $6,721.50 for its defense against the state law claims.

## CONCLUSION

For the foregoing reasons, UAA Defendants request attorney's fees in the total amount of $**40,329.00**.

DATED at Anchorage, Alaska, this 7th day of April, 2025.

GUESS & RUDD P.C.
Attorneys for Defendants


By: s/Pamela D. Weiss
    Kristin E. Crabb, AK Bar No. 1011070
    Pamela D. Weiss, AK Bar No. 0305022

CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of
April, 2025, a copy of the foregoing document
was served electronically on:

Keith Altman, Esq.

Guess & Rudd P.C.

s/Pamela D. Weiss
F:\DATA\6793\5\Pleadings\20 Mtn Atty Fees (revised).doc

UAA Defendants' Motion for Attorney's Fees pursuant to FRCP 54
Rebecca Mason v. University of Alaska-Anchorage, et al, Case No. 3:22-cv-00247-SLG
Page 9 of 9

Case 3:22-cv-00247-SLG     Document 39     Filed 04/07/25     Page 9 of 9